### COMMONWEALTH *vs.* ROBERT WARDELL.

Franklin. Sept. 16, 1879. — Jan. 7, 1880. AMES & ENDICOTT, JJ., absent.

An indictment on the Gen. Sts. c. 165, § 6, for "open and gross lewdness and las-
civious behavior," is supported by proof that a man intentionally and indecently
exposed his person, without necessity or reasonable excuse therefor, in the house
of another, to a girl eleven years old.

INDICTMENT on the Gen. Sts. c. 165, § 6, the second count
of which charged that, on January 17, 1879, at Coleraine, the
defendant " did commit open and gross lewdness and lascivious
behavior, and did then and there lewdly and lasciviously expose
his private parts in a most indecent posture and situation in the
presence of one Rosa Beauchamp." At the trial in the Superior
Court, before *Dewey*, J., the jury returned a verdict of guilty;
and the defendant alleged exceptions, the substance of which
appears in the opinion.

*A. De Wolf*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth

COLT, J. The second count in the indictment charges an offence under the Gen. Sts. *c.* 165, § 6, which provides punishment for lewd and lascivious cohabitation and for open and gross lewdness and lascivious behaviour. No objection was made to the form of the indictment. The evidence at the trial was that the defendant went to a private house not his own with some small articles to sell, and, finding no one there but a girl of eleven years, and a child of four, proceeded in the presence of both to make an indecent exposure of his person, and that the elder girl, who alone saw it, fled in fright to a neighboring house. This was evidence from which the jury would be fully justified in finding that the exposure was made with evil purpose by the defendant, with the intention that it should be seen by one or both the children present.

The judge declined to rule that the evidence was not sufficient to sustain the charge, and instructed the jury that, if the defendant lewdly, lasciviously, and openly exposed himself to the elder of the two persons named, they would be authorized to find him guilty. We are of opinion that there was no error in this instruction, and that the evidence produced was sufficient to support the verdict.

The conduct of the defendant in thus intentionally, indecently, and offensively exposing himself in the house of another to two girls of tender years, without necessity or reasonable excuse, and in such a way as to produce alarm, proves that he was guilty of gross lewdness and lascivious behavior.

The defendant, however, insists that there was no proof of open lewdness within the meaning of the statute. He relies on the early case of *Commonwealth* v. *Catlin*, 1 Mass. 8, where it was decided that an indictment under this statute would not be supported by evidence of lewdness or lascivious behavior in secret. But in that case the acts proved accompanied acts of sexual intercourse, in which for all that appears both parties participated, without objection, and which both intended should be private, and attempted to conceal. In the case at bar, the conduct of the defendant was intentionally open and public, as distinguished from that which is intended to be private, covered and concealed. It was an act on his part intended to be seen by one or both the persons present; an act likely to become known, certain to offend

public decency, and which was observed by at least one of those present. It was an intentional exposure of his person at a time and place and under circumstances calculated to corrupt public morals and offend public decency. It was such open and gross lewdness and lascivious behavior as it was intended by the provisions of the statute to punish.

In *Regina* v. *Watson*, 2 Cox C. C. 376, and in *Regina* v. *Webb*, 1 Denison, 338, it was decided that indecent exposure in the presence of only one person, although in a place of public resort, no others being able to see it, does not amount to an indictable offence. But in those cases the indictments were for misdemeanors at common law, in which the offence charged must always amount to a common nuisance committed in a public place and seen by persons lawfully in that place. The word "lewdness" at common law means open and public indecency; but as used and qualified in the statute it has a broader sense. It was held to mean, as used in other criminal statutes, (Gen. Sts. c. 165, § 13; c. 87, § 6;) "the irregular indulgence of lust, whether public or private." *Commonwealth* v. *Lambert*, 12 Allen, 177. See also *Commonwealth* v. *Parker*, 4 Allen, 313. The statute punishes, not public, but open lewdness. The word "open" qualifies the intention of the perpetrator of the act; it does not fairly imply that it must be public, in the sense of being in a public place, or in the presence of many people. The offence created does not depend on the number present. It is enough if it be an intentional act of lewd exposure, offensive to one or more persons present. To hold otherwise would be to hold that one might commit with impunity any act of indecency, however gross, before any number of individuals successively. The fact that the act in a given case was intended as an act of open lewdness is most commonly proved, it is true, by evidence that it occurred in a public place, or in the presence of many people; but it does not follow that the intentionally open and immodest character of the act may not be equally well proved by other evidence. An indecent act cannot well be public in its character without being open and immodest, and yet it may have both these latter qualities without being in any sense public in its manifestation. In the language of the statute, the word "open" is used as opposed to "secret."

In an early case in Connecticut it was decided, under a statute against lascivious carriage, that a wanton and lascivious act of one person, towards and against the will of another of the opposite sex, may constitute the offence, although no third person is present. It was declared to be evident from the preamble of the statute, and the plain import of its terms, that it was intended to include all those wanton acts, between persons of different sexes, which are grossly indecent, and which are not otherwise punishable as crimes against chastity and public decency. *Fowler* v. *State*, 5 Day, 81. And in *State* v. *Millard*, 18 Vt. 574, it was decided that where a man indecently exposes his person to a woman, and solicits her to have sexual intercourse with him, against her opposition and remonstrance, his conduct amounts to open and gross lewdness and lascivious behavior within the statute, although no one else was present.

*Exceptions overruled.*