STATE OF MAINE *vs.* ROSE TUTTLE ET AL.

Penobscot.    Opinion May 5, 1930.

*Albert G. Averill*, County Attorney, for State.
*D. I. Gould*, for respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, JJ.   PHILBROOK, A. R. J.

DUNN, J.    Appeal from the overruling of a motion for a new
trial on joint conviction of the respondents for lewd and lascivious
cohabitation, such crime being a felony. R. S., Chap. 136, Sec. 28.

The indictment is under R. S., Chap. 126, Sec. 5. The statute in
question provides that "if any man and woman, one or both being
at the time married to another person, lewdly and lasciviously co-
habit . . . they shall be punished. . . ."

"Lewd" and "lascivious" have been defined to be synonymous
terms. *U. S.* v. *Clarke*, 38 Fed., 732. "Lewdness" signifies the ir-
regular indulgence of lust, whether public or private. *Com.* v.

*Lambert*, 12 Allen, 177, 179 ; *Com.* v. *Wardwell*, 128 Mass., 52, 54.

The word "cohabit," as used in the statute in connection with the words, "lewdly and lasciviously," may be said to mean, generally speaking, to dwell or live together, not merely to visit or see, nor a single act of incontinence. *Com.* v. *Calef*, 10 Mass., 153 ; *Com.* v. *Lucas*, 158 Mass., 81, 84 ; *Calef* v. *Calef*, 54 Me., 365.

The evidence for the State, taken alone, would have justified the inference that the respondents, the man being married, had been guilty of one act of criminal intercourse. No evidence tended to prove more.

Evidence of a single act of adultery, together with evidence of other facts, may or may not have force in proving lewd and lascivious cohabitation.

The question before the jury was whether the crime charged in the indictment had been made out in proof.

The evidence was not sufficient to warrant conviction for the commission of that crime. *Com.* v. *Calef*, supra ; *Morey* v. *Commonwealth*, 108 Mass., 433, 436.

The statute against lewd and lascivious cohabitation is of a wider scope than that directed at the crime of adultery. 36 C. J., 1035.

To support the indictment it was necessary to prove, not only that a man and a woman, "one or both being at the same time married to another person," "cohabited," but that they so cohabited "lewdly and lasciviously." *Com.* v. *Munson*, 127 Mass., 459, 470. Habitual acts of illicit intercourse are necessary elements of the crime of lewd and lascivious cohabitation. 36 C. J., 1036.

*Appeal sustained.*
*Motion granted.*