**STATE of Vermont v. David MAUNSELL**

[743 A.2d 580]

No. 98-131

August 24, 1999. Defendant appeals from a judgment of the Chittenden District Court entered on a jury verdict finding him guilty of lewd and lascivious behavior in violation of 13 V.S.A. § 2601. On appeal, he raises a variety of issues, the most significant of which involve the jury instructions, the propriety of considering his lack of remorse in passing sentence and matters relating to a rescinded plea agreement. We modify the judgment to delete certain conditions of defendant's probation and affirm the judgment as modified.

The trial court denied defendant's motion for a judgment of acquittal following the presentation of the case against him. Accordingly, "we must consider whether the evidence, taken in the light most favorable to the State and excluding the modifying evidence, is sufficient to fairly and reasonably support a finding of guilt beyond a reasonable doubt." *State v. Devine*, 168 Vt. 566, 566, 719 A.2d 861, 862 (1998). Viewed through this lens, the relevant facts are easily summarized. On the morning of July 26, 1996, the complaining witness was seated in the second-floor reading room of the library of St. Michael's College in Colchester when she observed defendant, less than eight feet away, massaging his genitals through his pants. Defendant, who testified at trial, stated that he had engaged in this behavior because he was "day dreaming," having considered the sight of the victim seated nearby to be "attractive" and "erotic."

On August 18, 1997, defendant appeared in open court to indicate he had reached a plea agreement with the State.

Under that agreement, the State would have reduced its charge to that of a prohibited act of lewdness in violation of 13 V.S.A. § 2632(a)(8). The court accepted the change of plea after making the relevant inquiries as to whether defendant was acting on a knowing and voluntary basis, and entered judgment on it. However, before the matter came up for sentencing approximately six weeks later, defendant moved for a new plea proceeding alleging that the judge who accepted the plea had acted unethically. At the sentencing hearing, defendant indicated that he did not want to go forward with the agreement. Counsel made clear his client was acting against his advice; defendant noted that five previous attorneys had withdrawn as his counsel in the case.* The court permitted defendant to withdraw his plea under V.R.Cr.P. 32(d) and carefully explained to defendant that, as a result, the plea agreement had been rescinded and the original charge of violating 13 V.S.A. § 2601 would proceed to trial, which it did on January 6, 1998. The jury returned a verdict of guilty, and the court sentenced defendant to a suspended term of imprisonment of two-to-five years plus probation and fifty hours of community service. This appeal followed.

Defendant first challenges the court's instructions to the jury concerning the mens rea element of the charged offense. The statute prohibits "open and gross lewdness and lascivious behavior." 13

V.S.A. § 2601. Concerning this requirement of "open" conduct, defendant requested an instruction that, in order to find him guilty, the jury had to find that he intended to be seen when he fondled himself. Defendant now concedes the "abstract correctness" of the instructions as actually given but contends the court did not adequately distinguish between intent to commit the act and intent that the act be seen by others. He argues that the jury should have been instructed that if it determined he acted in reckless disregard of the possibility he would be seen, a verdict of not guilty would be required.

We discern no reversible error. We believe the instructions adequately allowed the jury to consider the defense theory of the case so it had to "resolve its truth or falsity by their verdict." *State v. Brisson*, 119 Vt. 48, 53, 117 A.2d 255, 257-58 (1955). Moreover, defendant's appeal argument goes beyond what the law required in this instance. In *State v. Grenier* we rejected a similar argument, reviewing for plain error because the question had not been adequately preserved at trial. 158 Vt. 153, 156, 605 A.2d 853, 855 (1992). However, the reasoning we adopted in *Grenier* is dispositive: "If the Legislature had intended to include specific intent" — that, is, an intent to achieve a precise harm or result — as an element of the crime set out in § 2601, "it presumably would have done so," as it did in 13 V.S.A. § 2602 when enjoining lewd or lascivious conduct with a child. *Id.* (noting that court reads scienter element into statute only when necessary to make it effective). Further, defendant bargained away at least part of the position he now maintains in return for the State's agreement not to offer certain evidence, and his post-charge objection, to the extent shown by the transcript, also appears not to fully raise his appeal argument.

Defendant next invokes our decision in *State v. Loveland*, 165 Vt. 418, 684 A.2d

---

*Although this sixth attorney sought leave to withdraw at this abortive sentencing hearing, he ended up representing defendant at the ensuing trial. A seventh attorney was appointed to represent defendant on appeal but sought to withdraw after filing defendant's appellate brief, thereafter supplemented by defendant's pro se filing. At oral argument, defense counsel simply introduced defendant, who argued pro se.

272 (1996), to contend that when the court imposed sentence it improperly took into account his unwillingness to concede the illegality of his behavior without offering him immunity for any statements he might make at sentencing. *Loveland* concerns a specific problem: the convicted sex offender who testifies at trial that he did not commit the act in question but who risks an enhanced sentence for lack of remorse absent an acceptance of responsibility during the sentencing phase of the proceedings. See *id.* at 422-23, 684 A.2d at 276. The situation in the instant case is easily distinguishable because defendant here never denied he committed the acts charged by the State. When the need to accept responsibility at sentencing does not expose the defendant to possible perjury charges arising out of his trial testimony, or compel a waiver of the privilege against self-incrimination, *Loveland* is not implicated. See *State v. Gorbea,* 169 Vt. 57, 61, 726 A.2d 68, 71 (1999) (affirming general rule that sentencing court may take defendant's non-acceptance of responsibility into account). Defendant's argument over the law did not create an unfair restriction on his ability to seek a fair sentence.

Defendant objects to the imposition of two probation conditions. The trial court's order placing defendant on probation requires him, inter alia, to submit to alcosensor testing and urinalysis when required by his probation officer or the officer's authorized representative. The State has explicitly declined to oppose their deletion, and we therefore modify the judgment to delete these two conditions of defendant's probation.

All of the foregoing issues were placed before the Court via the brief filed on defendant's behalf by his appellate counsel. Defendant also appears pro se to raise additional issues, to which we now turn.

The first argument in defendant's brief is that the initial judge erred in denying a motion to dismiss for lack of a prima facie case. We must affirm if, viewing the record in the light most favorable to the State and excluding modifying evidence, we can determine that the State produced evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt. See *State v. Dixon,* 169 Vt. 15, 17, 725 A.2d 920, 922 (1999). As defendant's main brief emphasizes, the only real dispute was whether defendant had the mental state required for the crime. We conclude that the State made the requisite prima facie showing as to defendant's mental state, which "may be inferred from the facts and circumstances" surrounding the act in question. *State v. Hatcher,* 167 Vt. 338, 344, 706 A.2d 429, 433 (1997). The evidence does not become inadequate because the State had been willing to reduce the charges as part of a plea bargain which defendant rejected.

As part of this argument, defendant challenges the trial judge's decision to allow the prosecution to require that defendant demonstrate to the jury how and where he touched himself. The latter issue is not before us for the simple reason that the prosecutor withdrew her request, and no demonstration occurred. Any error is harmless. See V.R.Cr.P. 52(a).

Second, defendant uses his pro se brief to argue for the first time that § 2601 is too vague to withstand constitutional scrutiny. When a defendant raises an issue for the first time on appeal, we review the trial court's determination for plain error and, thus, alter the result only if the trial court erred in a manner "so grave and serious as to strike to the very heart of defendant's constitutional rights or adversely affect the fair administration of justice." *State v. Bradley,* 164 Vt. 346, 348, 670 A.2d 811, 813 (1995). We discern no such error, being confident that a "person of ordinary intelligence" would understand that the conduct committed by defendant was prohibited. *In re 1650 Cases of Seized Liquor,* 168 Vt. 314, 324,

721 A.2d 100, 107 (1998); see also *State v. Dann*, 167 Vt. 119, 128, 702 A.2d 105, 111 (1997) (absent First Amendment considerations, defendant may not challenge statute on vagueness grounds based on its possible application to others). Much of defendant's argument is based on his assertion that his conduct was neither intentional nor open, points on which the jury found against him.

Next defendant interposes a series of objections to the abortive effort to sentence him under the plea agreement that was ultimately rescinded on September 29, 1997. Upon its rescission, and absent circumstances that are not present here, the plea agreement became a nullity, and the State was free to prosecute defendant as originally charged. See *United States ex rel. Williams v. McMann*, 436 F.2d 103, 107 (2d Cir. 1970); W. LaFave & J. Israel, Criminal Procedure § 20.5(e), at 816 (1985). Here, the accepted plea withdrawal necessarily required the court to strike the judgment of conviction, an action defendant explicitly sought.

Defendant argues that consideration of the plea withdrawal at the September hearing was improper because it was noticed to consider only a sentencing issue. Defendant, however, filed the motion for a new plea proceeding, and he and his counsel insisted on going forward at the September hearing. He cannot now complain because the court responded as he requested.

Defendant argues that he never sought to withdraw his plea. We have reviewed the transcript of the September 29, 1997 hearing, along with the written motion, and conclude that defendant sought to have the earlier plea and conviction stricken and was unwilling to plead guilty again. Regardless of how defendant now characterizes those statements and acts, the record indicates that the trial judge properly interpreted them as a motion to withdraw the plea of guilty and advised defendant fully of the consequences of the plea withdrawal, including that the original charges would be reinstated.

Related to the plea withdrawal, defendant challenges the ultimate conviction as double jeopardy because defendant stood convicted when the court accepted his plea to the misdemeanor and entered judgment on August 18, 1997. Defendant's right not to be placed in second jeopardy is personal and can be waived voluntarily. See *State v. Duval*, 156 Vt. 122, 130, 589 A.2d 321, 326 (1991) (Dooley, J., dissenting) (citing *United States v. Anderson*, 514 F.2d 583, 586 (7th Cir. 1975)). Defendant's motion to strike the plea and conviction operated as a waiver here.

Defendant also contends that his constitutional right to a speedy trial was violated in light of the nearly twenty months that elapsed between his arraignment and his sentencing. The relevant factors in assessing such a contention are "the length of the delay, the reason for the delay, defendant's efforts at obtaining a speedy trial, and the prejudice to the defendant." *State v. Turgeon*, 165 Vt. 28, 35, 676 A.2d 339, 393 (1996) (citation omitted). "Of these factors, prejudice is the most important. Where there is no prejudice to the defense at trial, a speedy-trial claim cannot prevail." *Id.* Although we note that defendant is himself partially responsible for prolonging the pendency of the proceedings, we resolve the issue by simply pointing out that defendant has identified no basis for a determination that his defense was prejudiced by any delay.

Finally, defendant urges us to vacate his sentence because of improper judicial bias and because the sentence as imposed amounts to unconstitutionally cruel or unusual punishment. We find no support for the latter argument; the sentence was within the allowed range. The claim of bias is based on adverse rulings, without any showing of improper motivation. See *State v. Streich*, 163 Vt. 331, 354, 658 A.2d

38, 53 (1995) (adverse rulings in and of themselves do not demonstrate judge's bias). Accordingly, it does not show reversible error.

*Judgment modified to delete conditions of probation requiring defendant to submit to alcosensor and urinalysis testing; the judgment, as modified, is affirmed.*

Motion for reargument denied October 7, 1999.