## Commonwealth vs. Patrick Quinn.

Suffolk. March 7, 2003. - May 30, 2003.

Present: Marshall, C.J., Spina, Cowin, Sosman, & Cordy, JJ.

*Lewdness. Open and Gross Lewdness and Lascivious Behavior. Indecent Exposure. Statute, Construction. Constitutional Law, Vagueness of statute. Due Process of Law, Vagueness of statute.*

This court concluded that exposure or attempted exposure of genitalia is not an essential element of an open and gross lewdness offense prosecuted under G. L. c. 272, § 16, and that, if conduct is intentionally committed such as to produce alarm or shock, it may be prohibited. [494-499]

This court concluded that a defendant who was charged with "open and gross lewdness" in violation of G. L. c. 272, § 16, did not have fair notice that exposure of "thong" clad buttocks could be prosecuted as an offense under the statute. [499-501]

Statement construing G. L. c. 272, § 16, prohibiting "open and gross lewdness," and listing the elements of the offense that the Commonwealth must prove beyond a reasonable doubt. [501-502]

Complaint received and sworn to in the West Roxbury Division of the District Court Department on April 6, 2001.

A motion to dismiss was heard by *Robert C. Rufo*, J., and questions of law were reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*Jack I. Zalkind* for the defendant.

*Christopher Pohl*, Assistant District Attorney (*Joseph M. Ditkoff*, Assistant District Attorney, with him) for the Commonwealth.

Marshall, C.J. In April, 2001, the defendant, Patrick Quinn, was charged in the West Roxbury Division of the District Court Department with "open and gross lewdness" in violation of G. L. c. 272, § 16.[1] After denying the defendant's motion to

---

[1]General Laws c. 272, § 16, provides: "A man or woman, married or unmarried, who is guilty of open and gross lewdness and lascivious behavior,

dismiss,[2] the judge reported two questions of law to the Appeals Court pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979):[3] (1) "Is exposure or attempted exposure of genitalia an essential element of an open and gross lewdness offense prosecuted under G. L. c. 272, § 16?"; and (2) did the defendant "have fair notice that exposure of 'thong' clad buttocks could be prosecuted as an open and gross lewdness offense under G. L. c. 272, § 16?" We transferred the report here on our own motion. We answer both questions in the negative.

1. *Background.* For the purpose of deciding the reported questions, we need consider only the factual assumption contained in the second question, that the defendant exposed his " 'thong' clad buttocks." To explain the context in which the charge arose, however, we recite the allegations contained in a Boston police incident report concerning the defendant's arrest.

At about 3 P.M., four young girls, aged thirteen years, were walking behind their parochial school, presumably at the end of their school day. The defendant, whose automobile was parked on a nearby street, was standing outside the school, and, as one of the young girls described, he "pulled down his pants as the girls walked by exposing his buttocks along with a pair of red 'thong' underwear."[4] A boy alerted a police officer on patrol in the area that there was a man behind the school "pulling his pants down showing a group of girls his 'thong' underwear." From the boy's description of the perpetrator, the officer located the defendant and saw the young girls walking away from him.

shall be punished by imprisonment in the state prison for not more than three years or in jail for not more than two years or by a fine of not more than three hundred dollars."

[2]The defendant claimed that there was insufficient evidence that any witness saw the defendant's genitalia, or that any witness was alarmed or shocked.

[3]Rule 34 of the Massachusetts Rule of Criminal Procedure, 378 Mass. 905 (1979), states: "If, prior to trial, or, with the consent of the defendant, after conviction of the defendant, a question of law arises which the trial judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein. If the case is reported prior to trial, the case shall be continued for trial to await the decision of the Appeals Court."

[4]A "thong" is defined, in part, as "[a] garment for the lower body that exposes the buttocks, consisting of a narrow strip of fabric that passes between the thighs supported by a waistband." American Heritage Dictionary 1799 (4th ed. 2000).

At the scene, the police officer placed the defendant under arrest for "open and gross lewdness." After receiving Miranda warnings, the defendant stated, "You stupid mother fucker you don't have indecent exposure. I didn't pull my prick out. I only pulled down my pants. It's not against the law to pull your pants down and show people your thongs."

2. *Interpretation of G. L. c. 272, 16.* The offense of "indecent exposure," G. L. c. 272, § 53,[5] is "closely similar" to the offense of "open and gross lewdness," G. L. c. 272, § 16. *Commonwealth* v. *Fitta*, 391 Mass. 394, 396 (1984), quoting *Commonwealth* v. *Sefranka*, 382 Mass. 108, 116 (1980). See *Commonwealth* v. *Broadland*, 315 Mass. 20, 22 (1943) (open and gross lewdness is "an offence at least closely similar to the common law offence of indecent exposure"). The exposure of genitalia has been defined by judicial interpretation as an essential element of the offense of indecent exposure. *Commonwealth* v. *Arthur*, 420 Mass. 535, 540-541 (1995).[6] The defendant argues that we should require the same limitation as an essential element of G. L. c. 272, § 16. We conclude that the

---

[5]General Laws c. 272, § 53, states: "Common night walkers, common street walkers, both male and female, common railers and brawlers, persons who with offensive and disorderly acts or language accost or annoy persons of the opposite sex, lewd, wanton and lascivious persons in speech or behavior, idle and disorderly persons, disturbers of the peace, keepers of noisy and disorderly houses, and persons guilty of indecent exposure may be punished by imprisonment in a jail or house of correction for not more than six months, or by a fine of not more than two hundred dollars, or by both such fine and imprisonment."

[6]In *Commonwealth* v. *Arthur*, 420 Mass. 535, 537 (1995), "the judge instructed the jury that the defendant could be found guilty of indecent exposure [G. L. c. 272, § 53] only if they found (among other things), beyond a reasonable doubt, that he had 'exposed his genitals or buttocks to one or more persons.' " It was established at trial that "[n]either the mother nor the daughter saw any portion of the defendant's genitalia or buttocks," *id.* at 536, but did see the defendant's pubic hair. The question before the court in this frontal exposure case was whether the exposure of pubic hair, without more, could satisfy the "indecent exposure" statute. The court held that the term "indecent exposure" lacked a "commonly understood meaning," *id.* at 540, citing *Commonwealth* v. *Sefranka*, 382 Mass. 108, 111 (1980), that the statute, G. L. c. 272, § 53, had not been "construed by judicial decision to apply to an intentional exposure of the genital area or the pubic hair," *Commonwealth* v. *Arthur*, *supra* at 541, and that accordingly the defendant had not been apprised that this conduct would subject him to criminal sanctions. *Id.*

exposure of genitalia is not an essential element of the crime of open and gross lewdness: a defendant may be convicted under G. L. c. 272, § 16, for exposing his buttocks provided, of course, that the other elements of that crime are proved beyond a reasonable doubt. See *Commonwealth* v. *Fitta, supra,* quoting *Commonwealth* v. *Wardell,* 128 Mass. 52, 53 (1880) (describing elements of G. L. c. 272, § 16).

We interpret statutes that address similar subject matter "so that effect is given to every provision in all of them." *Green* v. *Wyman-Gordon Co.,* 422 Mass. 551, 554 (1996), quoting 2B Singer, Sutherland Statutory Construction § 51.02, at 122 (5th ed. 1992). Although the two statutes, "open and gross lewdness," G. L. c. 272, § 16, and "indecent exposure," G. L. c. 272, § 53, are similar, *Commonwealth* v. *Fitta, supra* at 396, they have different elements, reflecting (in part) their different origins. See *Commonwealth* v. *Templeman,* 376 Mass. 533, 538 (1978) ("The history of § 16 is quite separate from that of § 53 . . ."). The "open and gross lewdness" statute was first enacted in 1784, and, for over 200 years, has remained essentially unchanged.[7] St. 1784, c. 40, § 3. In contrast, the crime of "indecent exposure" was not codified until 1943, see St. 1943, c. 377, although it was recognized as an offense at common law. See, e.g., *Commonwealth* v. *Broadland, supra* at 22 (common-law offense of indecent exposure). See also *Commonwealth* v. *Jarrett,* 359 Mass. 491, 493-495 (1971) (legislative history of St. 1943, c. 377).

The two statutes prohibit different conduct. Any intentional exposure of genitalia may be prosecuted as a misdemeanor under G. L. c. 272, § 53. See *Commonwealth* v. *Fitta, supra* at 396, quoting *Commonwealth* v. *Broadland, supra* at 21-22 (indecent exposure prohibits "an intentional act of lewd

---

[7] In 1987, the Legislature repealed so much of G. L. c. 272, § 16, as prohibited the cohabitation of unmarried men and women. St. 1987, c. 43. In the various recodifications of the General Laws, the statute was not otherwise changed significantly, although minor revisions, not relevant here, have been made. See R. S. (1836), c. 130, § 4; G. S. (1860), c. 165, § 6; R. L. (1902), c. 212, § 12. In 1996, the Legislature designated open and gross lewdness as a "sex offense." G. L. c. 6, § 178C, inserted by St. 1996, c. 239, § 1.

exposure, offensive to one or more persons").[8] Conviction of "open and gross lewdness," G. L. c. 272, § 16, on the other hand, requires the Commonwealth to prove, among other elements, intention, manner (done in such a way as to produce alarm or shock), and impact (does in fact alarm or shock). See *Commonwealth* v. *Wardell, supra* at 53 ("open and gross lewdness" construed to prohibit a defendant from "intentionally, indecently, and offensively exposing himself . . . without necessity or reasonable excuse, and in such a way as to produce alarm"). The requirement that the defendant must engage in conduct such as actually to alarm or shock another has remained unchanged since 1880.[9] See, e.g., *Commonwealth* v. *Fitta, supra* at 396, quoting *Commonwealth* v. *Wardell, supra* (elements of open and gross lewdness); *Commonwealth* v. *Guy G.*, 53 Mass. App. Ct. 271, 274 n.4 (2001) (same); *Commonwealth* v. *Poillucci*, 46 Mass. App. Ct. 300, 302 (1999) (same); *Commonwealth* v. *Gray*, 40 Mass. App. Ct. 901, 901 (1996) (same). Whichever "private parts of one's body," *Commonwealth* v. *Arthur, supra* at 539, is intentionally exposed, the fact finder must be persuaded beyond a reasonable doubt that the defendant acted in such a way as to alarm or shock. In contrast, to sustain a conviction of indecent exposure, G. L. c. 272, § 53, the Commonwealth is not required to prove the elements of alarm or shock. Greater precision of the offensive conduct (exposure of genitalia) is therefore necessary under that statute to give a defendant constitutionally adequate notice of the circumscribed offensive conduct.

---

[8]"The crime of indecent exposure is not defined by the statute [G. L. c. 272, § 53], but the gravamen of the offense appears in the wording of the Schedule of Forms of Pleadings contained in G. L. c. 277, § 79." R.W. Bishop, Prima Facie Case § 52.37 at 234 (4th ed. 1997). General Laws c. 277, § 79, sets forth the captions for complaints and indictments, and describes the offense of "[e]xposure of person" as "in a public place . . . wherein were great numbers of people, indecently . . . expose[d] to the view of the said people his body and person naked and uncovered."

[9]To be "open," under G. L. c. 272, § 16, the conduct need not occur in a public place, but must occur in the presence of another person who can be alarmed or shocked. See *Commonwealth* v. *Wardell*, 128 Mass. 52, 53 (1880) ("the conduct of the defendant [exposing himself in a house to two girls] was intentionally open and public, as distinguished from that which is intended to be private, covered and concealed").

The defendant notes that in *Commonwealth* v. *Arthur, supra* at 541, we commented that convictions of "open and gross lewdness" pursuant to G. L. c. 272, § 16, "invariably have involved exposure of the genitalia," citing *Commonwealth* v. *Adams,* 389 Mass. 265, 271 (1983) (masturbating in automobile); *Commonwealth* v. *Dickinson,* 348 Mass. 767 (1964) (same); *Commonwealth* v. *Wardell, supra* at 53 (defendant's indecent exposure "of his person"). See *Commonwealth* v. *Poillucci, supra* at 302 (masturbating in car); *Commonwealth* v. *Montez,* 45 Mass. App. Ct. 802, 806 (1997) (standing in window of apartment and masturbating); *Commonwealth* v. *Gray, supra* at 901 (oral sex). Cf. *State* v. *Maunsell,* 170 Vt. 543, 547 (1999) (affirming defendant's conviction of open and gross lewdness while masturbating through his pants and without exposure of penis). While such conduct is sufficient to support a conviction under G. L. c. 272, § 16, in none of these cases did the court suggest that "lewd and lascivious behavior" is confined to exposure of genitals.[10] The sudden exposure of but-

---

[10]Almost all jurisdictions prohibit "indecent exposure" by statute similar to G. L. c. 272, § 53. Like Massachusetts, the exposure of genitalia is either expressly proscribed in the statute or judicially required for conviction of that offense. See, e.g., Ala. Code § 13A-6-68 (1934); Colo. Rev. Stat. § 18-7-302 (2002); Haw. Rev. Stat. § 707-734 (1993); Me. Rev. Stat. Ann. tit. 17 § 35-854 (1983). See also *Commonwealth* v. *Arthur, supra* at 540 (describing jurisprudence of "indecent exposure" in other States). In contrast, only seven States have a statutory offense of "open and gross lewdness and lascivious behavior" or "open or gross lewdness" similar to G. L. c. 272, § 16. See Fla. Stat. Ann. § 798.02 (West 2000); Mich. Comp. Laws Ann. § 750.335 (West 1991); Minn. Stat. Ann. § 617.23 (West 2003); Nev. Rev. Stat. § 201.210 (1996); Vt. Stat. Ann. tit. 13, § 2601 (1998); Va. Code Ann. § 18.2-345 (1996); W. Va. Code § 61-8-4 (2000). As far as we can ascertain, there is no decision interpreting those statutes in such a manner as to cabin the offensive conduct to the intentional exposure of genitalia. See *State* v. *Coyle,* 718 So. 2d 218, 219 (Fla. Dist. Ct. App. 1998) ("[Lewdness] is generally used to indicate gross indecency with respect to the sexual relations"); *People* v. *Mell,* 227 Mich. App. 508, 512, rev'd in part, 459 Mich. 881 (1998) (lap dancing done for purpose of masturbation); *Young* v. *State,* 109 Nev. 205, 215 (1993) (masturbation and oral copulation in public restroom); *State* v. *Purvis,* 146 Vt. 441, 442 (1985) (defendant exposed himself to young girls). In at least one reported decision, the exposure of genitals is not an essential element of the open and gross lewdness statute. See *State* v. *Maunsell,* 170 Vt. 543 (1999) (defendant masturbated through pants).

tocks by dropping one's pants in front of children[11] in an area (school) where such conduct would be wholly unexpected may alarm or shock, as surely as revealing one's penis. Cf. *Commonwealth* v. *Sefranka*, 382 Mass. 108, 117-118 (1980) (conduct that involves "touching of the . . . buttocks," covered or uncovered, "for purposes of sexual arousal, gratification, or offense" is an element of the "sex-related" criminal offense of "lewd, wanton and lascivious behavior." G. L. c. 272, § 53).[12] A woman approaching a group of school children suddenly opening her blouse to expose her breasts may alarm or shock just as a man masturbating in a passing automobile might. If the conduct is intentionally committed such as to produce alarm or

---

[11]Convictions under G. L. c. 272, § 16, have usually concerned exposure in front of children. See, e.g., *Commonwealth* v. *Fitta*, 391 Mass. 394, 396 (1984), quoting *Commonwealth* v. *Wardell*, *supra* at 53 ("if the Commonwealth were to prove beyond a reasonable doubt that the defendant 'intentionally, indecently, and offensively expos[ed] himself . . . to [a child] of tender years, without necessity or reasonable excuse, and in such a way as to produce alarm . . . [the defendant would be] guilty of gross lewdness and lascivious behavior' ").

[12]For the purposes of interpreting the offense of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B, and indecent assault and battery on a person aged fourteen years and over, G. L. c. 265, § 13H, buttocks are included as a "private area" of the body. See *Commonwealth* v. *Trowbridge*, 419 Mass. 750, 757-758 (1995) (no error in jury instruction that "an assault and battery was indecent if it involved the touching of the genitals, buttocks or breasts" because judge also instructed that conduct must be "fundamentally offensive to contemporary standards of decency and moral values" and that indecent act is to be "measured by common understanding and practices," and that "[i]t is behavior which the common sense of society would regard as immodest, immoral, and improper"). See also *Commonwealth* v. *Holman*, 51 Mass. App. Ct. 786, 792-793 (2001) (affirming conviction of indecent assault and battery on child under fourteen years where defendant rubbed child's buttocks); *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 185 (1991) (touching of buttocks and verbal proposition with "distinctly sexual overtones" warranted finding of indecent assault and battery).

In other contexts, the Legislature has included "buttocks" in its definition of sexual conduct or sexual contact. See G. L. c. 272, § 29C (vii) (for purposes of child pornography statute "a lewd exhibition of the unclothed genitals, pubic area, buttocks or, if such person is a female, a fully or partially developed breast" of child is depiction of sexual conduct); G. L. c. 12, § 11L (including in definition of sexual contact for unlicenced mental health and health professionals as intentional touching of "genital area, groin, inner thigh, buttocks, or breast or the clothing covering any of these body parts").

shock, it may be prohibited. See *Commonwealth* v. *Fitta, supra* at 396; *Commonwealth* v. *Wardell, supra* at 53.

Pointing to the number of people who are seen wearing "thongs" on public beaches, the defendant argues that unless limited to exposure of genitalia, our statute outlawing lewd and lascivious conduct will be cast adrift in the "shifting community notions of good taste." A woman revealing her knees in public in 1890 may have offended the then community notions of good taste. But the issue then, as now, is not whether a defendant's conduct offends "good taste," but whether the conduct is such that it causes alarm or shock. Today, society may tolerate far greater displays of nudity, including the exposure of genitalia on public beaches. But the defendant does not argue that the crime of "open and gross lewd and lascivious behavior" has become obsolete such that all public displays of nudity, no matter how alarming or shocking, must be tolerated. In his view, it is simply a matter of degree: exposure of genitalia, but not breasts or buttocks, may be prosecuted. We see no reason to restrict the definition of open and gross lewdness in the manner he urges, and have no difficulty in concluding that a fact finder could find that the exposure of buttocks may in some circumstances alarm or shock in violation of G. L. c. 272, § 16.

3. *Fair notice.* While the exposure of buttocks can be prosecuted under G. L. c. 272, § 16, we agree with the defendant that he was not provided with fair notice that deliberately exposing his thong-clad buttocks may be illegal. The statute is therefore unconstitutionally vague as applied to him.

"An essential principle of due process is that a statute may not proscribe conduct 'in terms so vague that [persons] of common intelligence must necessarily guess at its meaning.' " *Commonwealth* v. *Sefranka, supra* at 110, quoting *Connally* v. *General Constr. Co.*, 269 U.S. 385, 391 (1926). A vague statute offends due process because of "its lack of reasonably clear guidelines for law enforcement and its consequent encouragement of arbitrary and erratic arrests and prosecutions." *Commonwealth* v. *Sefranka, supra.* A statute, the terms of which do not themselves provide clear guidelines, may nonetheless be sufficiently definite because of "judicial construction, common

law meaning, or the statutory history of particular terms," *Commonwealth* v. *Gallant*, 373 Mass. 577, 581 (1977), and such a statute may be rendered "constitutionally definite by giving it a reasonable construction." *Commonwealth* v. *Sefranka, supra* at 111.

The language of G. L. c. 272, § 16, "open and gross lewdness and lascivious behavior," neither mentions exposure of the buttocks nor, without further judicial construction, informs a person precisely which private body parts may not be exposed. In ordinary usage, "lewdness" or "lascivious behavior"[13] convey no more specific meaning than the terms "lewd" and "wanton," which we have said failed to reference sufficiently definite conduct, and applied only "broadly to conduct which the speaker considers beyond the bounds of propriety." *Commonwealth* v. *Sefranka, supra* at 111, quoting *Pryor* v. *Municipal Court for the Los Angeles Judicial Dist.* 25 Cal. 3d 238, 246-247 (1979).

As to judicial construction, our decisions have made clear that the exposure of genitalia may be prohibited by G. L. c. 272, § 16. See, e.g., *Commonwealth* v. *Fitta, supra* at 395-396 (exposing penis to two ten year old boys); *Commonwealth* v. *Adams*, 389 Mass. 265, 271 (1983) (driving slowly down public way with penis exposed and masturbating). Our decisions have not otherwise provided sufficiently "clear and definite content" of the range of other conduct that is prohibited. *Commonwealth* v. *Sefranka, supra* at 115. See *Commonwealth* v. *Arthur*, 420 Mass. 535, 541 (1995) (noting that cases under G. L. c. 272, § 16, to that date "invariably have involved exposure of the genitalia").[14] And while some decisions have indicated that exposure of "buttocks" is encompassed within the zone of

---

[13] "Lascivious" is defined as: "1. Given to or expressing lust; lecherous. 2. Exciting sexual desire; salacious." "Lewd" is defined as: "1. a. Preoccupied with sex and sexual desire; lustful. 2. b. Obscene; indecent." American Heritage Dictionary 1016, 1035 (3d ed. 1992).

[14] The Commonwealth notes that Instruction 5.42 of the Model Jury Instruction for Use in the District Court (1988), see note 16, *infra*, specifically mentions the exposure of buttocks. Those instructions are not, however, binding law. Moreover, in a reported decision in which that instruction was favorably cited by the Appeals Court, the court described the relevant element as the exposure of the defendant's "genitals," the conduct at issue in that case. See *Commonwealth* v. *Gray*, 40 Mass. App. Ct. 901 (1996). Later, in *Com-*

conduct prohibited by statutes outlawing "lewd" or "lascivious" behavior, those decisions did not interpret G. L. c. 272, § 16, and could not have provided notice to the defendant that his behavior would violate that statute. See, e.g., *Commonwealth* v. *Sefranka*, *supra* at 117-118 (noting that touching buttocks for sexual arousal may constitute offense of "lewd, wanton and lascivious persons" under G. L. c. 272, § 53); *Commonwealth* v. *Castillo*, 55 Mass. App. Ct. 563, 566 & n.1 (2002) ("the breasts, abdomen, buttocks, thighs, and pubic area" are private areas for purposes of indecent assault and battery, G. L. c. 265, § 13H).

In short, with the exception of the exposure of genitalia, no "longstanding judicial interpretation [of G. L. c. 272, § 16] clearly conveys 'sufficiently definite warning as to the proscribed conduct.' " *Commonwealth* v. *Fitta*, *supra* at 396, quoting *Commonwealth* v. *Jarrett*, 359 Mass. 491, 496-497 (1971). This defendant cannot be prosecuted for exposing his buttocks.

4. *Conclusion.* In order to satisfy the constitutional standard of specificity, we construe G. L. c. 272, § 16, to prohibit the intentional exposure[15] of genitalia, buttocks, or female breasts to one or more persons. The Commonwealth must prove beyond a reasonable doubt: (1) the defendant exposed his or her, genitals, buttocks, or female breasts to one or more persons; (2) the defendant did so intentionally; (3) the defendant did so "openly," that is, either he or she intended public exposure, or he or she recklessly disregarded a substantial risk of public exposure, to others who might be offended by such conduct; (4) the defendant's act was done in such a way as to produce alarm or shock; and (5) one or more persons were in fact alarmed or shocked by the defendant's exposing himself or herself. See

monwealth v. *Guy G.*, 53 Mass. App. Ct. 271, 274 n.4 (2001), the Appeals Court again recited instruction 5.42 favorably, this time including a specific reference to "buttocks." But that decision was issued after the defendant's arrest in 2001, and could not have placed the defendant on notice that his conduct was illegal.

[15]We are not asked to determine whether, under G. L. c. 272, § 16, masturbation, without the exposure of genitalia, would constitute prohibited conduct. See *State* v. *Maunsell*, 170 Vt. 543 (1999) (affirming defendant's conviction of open and gross lewdness while masturbating through his pants).

Instruction 5.42 of the Model Jury Instructions for Use in the District Court (1988).[16] See also *Commonwealth* v. *Guy G., supra* at 274 n.4.

Our answers to the reported questions are:

1. Exposure or attempted exposure of genitalia is not an essential element of an open and gross lewdness offense prosecuted under G. L. c. 272, § 16.

2. The defendant did not have fair notice that exposure of "thong" clad buttocks could be prosecuted as an open and gross lewdness offense under G. L. c. 272, § 16.

---

[16]Instruction 5.42 correctly provides in relevant part that in order to prove the defendant guilty under G. L. c. 272, § 16, "the Commonwealth must prove five things beyond a reasonable doubt: *First*: That the defendant exposed his (her) (genitals) (buttocks) (or) (female breasts) to one or more persons; *Second*: That the defendant did so intentionally; *Third*: That the defendant did so 'openly,' that is, either he (she) intended public exposure, or he (she) recklessly disregarded a substantial risk of public exposure, to others who might be offended by such conduct; *Fourth*: That the defendant's act was done in such a way as to produce alarm or shock; and *Fifth*: That one or more persons were in fact alarmed or shocked by the defendant's thus exposing himself (herself)."