NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-287                                          Appeals Court


        COMMONWEALTH  vs.  JOHN G. COPPINGER.


                  No. 13-P-287.

      Plymouth.     May 2, 2014. - September 4, 2014.

        Present:  Trainor, Fecteau, & Carhart, JJ.



Open and Gross Lewdness and Lascivious Behavior.  Constitutional
    Law, Vagueness of statute.  Evidence, Intent.  Intent.
    Practice, Criminal, Instructions to jury, Request for jury
    instructions.  Words, "Exposure."




    Indictments found and returned in the Superior Court
Department on June 3, 2011.

    The cases were tried before Robert C. Cosgrove, J.


    Brian A. Kelley for the defendant.
    Gail M. McKenna, Assistant District Attorney, for the
Commonwealth.


    CARHART, J.  After a jury trial, the defendant was found

guilty of open and gross lewdness, in violation of G. L. c. 272,

§ 16, and of accosting a person of the opposite sex, in

violation of G. L. c. 272, § 53.  Appealing from his conviction

of open and gross lewdness, he argues that the trial judge erred

in denying his motion to dismiss, alleging that the statute prohibiting open and gross lewdness is unconstitutionally vague. The defendant also argues that the trial judge erred in denying his motion for a required finding of not guilty and in instructing the jury on a definition of the word "exposure." We affirm.

Background. The following facts are not in dispute. On April 5, 2011, the defendant entered a Target store in Kingston. On that occasion, he chose to wear white "see-through" compression shorts. On his way into the store, the defendant asked an employee whether it was "okay" to wear his shorts inside. Several Target employees testified to seeing the defendant's buttocks and the "flesh color of his skin" through the shorts. One witness testified that she could "clearly" see that the defendant was not wearing underwear. Another witness described seeing the outline of the defendant's "semi-erect" penis. On redirect, the witness stated that she saw a semi-erect penis through the shorts. The witness also testified that she saw the defendant's testicles through the shorts. Various witnesses described their shock. A store employee notified the police. The police responded as the defendant was pulling on a pair of jeans over his compression shorts outside of the store. The defendant was arrested and charged.

Prior to trial, the defendant filed a motion to dismiss, alleging that the statute prohibiting open and gross lewdness was unconstitutionally vague. That motion was denied. At the close of the evidence, the defendant moved for a required finding of not guilty. That motion was also denied. The defendant requested that the trial judge instruct the jury that "expose" means "an act of exposing or the state of being exposed" and "to lay bare or uncover." The judge instructed the jury as follows:

> "[W]hat does it mean to expose one's genitals or buttocks[?] The word expose is not a technical legal term but is to be understood in its common meaning. The Merriam-Webster dictionary defines exposed in part as 'to cause to be visible or open to view,' or 'to display.' Whether the defendant exposed his genitals or buttocks is a question of fact to be resolved by you, the jury."

The defendant objected to the instruction.

Discussion. 1. Motion to dismiss. On appeal, the defendant argues that the trial judge erred in denying his motion to dismiss because G. L. c. 272, § 16, is unconstitutionally vague. We disagree. Statutes "must be sufficiently specific so as to give fair notice as to what conduct is forbidden." Commonwealth v. Adams, 389 Mass. 265, 270 (1983). A statute lacks the required specificity where "men of common intelligence must necessarily guess at its meaning." Commonwealth v. Crawford, 430 Mass. 683, 689 (2000), quoting from Commonwealth v. Sefranka, 382 Mass. 108, 110 (1980).

Unspecific statutory language "may nonetheless be sufficiently definite because of 'judicial construction, common law meaning, or the statutory history of particular terms' . . . and such a statute may be rendered 'constitutionally definite by giving it a reasonable construction.'" Commonwealth v. Quinn, 439 Mass. 492, 499-500 (2003), quoting from Commonwealth v. Gallant, 373 Mass. 577, 581 (1977), and Commonwealth v. Sefranka, supra at 111.

General Laws c. 272, § 16, criminalizes "open and gross lewdness and lascivious behavior." The Supreme Judicial Court has clearly and specifically set forth the meaning of those terms:

> "In order to satisfy the constitutional standard of specificity, we construe G. L. c. 272, § 16, to prohibit the intentional exposure of genitalia, buttocks, or female breasts to one or more persons. The Commonwealth must prove beyond a reasonable doubt: (1) the defendant exposed his or her . . . genitals, buttocks, or female breasts to one or more persons; (2) the defendant did so intentionally; (3) the defendant did so 'openly,' that is, either he or she intended public exposure, or he or she recklessly disregarded a substantial risk of public exposure, to others who might be offended by such conduct; (4) the defendant's act was done in such a way as to produce alarm or shock; and (5) one or more persons were in fact alarmed or shocked by the defendant's exposing himself or herself."

Commonwealth v. Quinn, supra at 501.

Notwithstanding this enunciation of the elements, the defendant argues that the statute is unconstitutionally vague as

applied to him,[1] because it fails to define the term "exposure" and provide him with notice that his conduct was criminal.  In reviewing the statute as challenged, we view the evidence "in the light most favorable to the Commonwealth."  Commonwealth v. Rosa, 62 Mass. App. Ct. 622, 627 (2004).  In that light, there is no question whatsoever that the defendant displayed his genitals and buttocks through his compression shorts.  There is also no question that exposing one's genitals or buttocks, in conjunction with the other elements of the crime, violates the statute.  See Commonwealth v. Quinn, supra at 497-499.

Accordingly, the crux of our inquiry is whether exposure requires a naked display or whether it is possible to expose a body part through a covering.  We turn to "common understanding and practices" to assist our analysis.  Commonwealth v. Jarrett, 359 Mass. 491, 496-497 (1971) ("[I]f the language which is challenged conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices, it is constitutionally adequate").  See Commonwealth v. King, 374 Mass. 5, 12 (1977) (turning to "common understanding for definition" of "lewd, wanton, and lascivious speech" and "prostitution"); Commonwealth v. Arthur, 420 Mass. 535, 540 (1995) (considering whether pubic hair fell within the

---

[1] The statute is not unconstitutionally vague on its face. See Commonwealth v. Ora, 451 Mass. 125, 126 (2008).

"commonly understood meaning" of "genitalia"); <u>Commonwealth</u> v. <u>Robertson</u>, 467 Mass. 371, 378 (2014) (turning to common understanding to define "partial nudity").

We consider the hypothetical scenario of a person wearing shorts made from cellophane instead of the material that the defendant wore. We think that such conduct certainly falls within a common understanding of exposure, as the person's genitals and buttocks would be completely visible, regardless of the covering.[2] We see no meaningful difference between wearing cellophane shorts and the defendant's choice to wear shorts that were sufficiently revealing to a degree that the public could see the "flesh color of his skin," his buttocks, and his genitals. While we are sensitive to the fine line between an individual's freedom of expression and the criminal nature of the conduct prohibited by the statute, the defendant's conduct in this case went far beyond the reasonable bounds of permissible expression. See <u>Commonwealth</u> v. <u>Ora</u>, 451 Mass. 125, 126 (2008) (G. L. c. 272, § 16, is not facially unconstitutional, even though it restricts "expressive conduct," because our case law limits the statute's reach to conduct "imposed upon an unsuspecting or unwilling audience").

---

[2] Indeed, defense counsel conceded, at oral argument, that wearing shorts made from "Saran Wrap" would constitute exposure.

We also consider that the Supreme Judicial Court recently opined that exposure is "generally defined as 'an act of exposing,' 'a condition or instance of being laid bare or exposed to view,'" or "to lay open to view; lay bare; make known." Commonwealth v. Robertson, supra at 377, quoting from Webster's Third New International Dictionary 802 (2002), and American Heritage Dictionary of the English Language 626 (4th ed. 2006). The defendant in this case certainly "opened," or "exposed," his genitals and buttocks "to view" and made them "known." We think that displaying something such that it is clearly visible, even while wearing shorts of the sort worn by the defendant, fits within these definitions of "exposure."

In concluding that the defendant's conduct fell within a common understanding of exposure and that the statute was not vague as applied to the defendant, we note that the vagueness doctrine recognizes "the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." Commonwealth v. Gallant, 373 Mass. at 580, quoting from Colten v. Kentucky, 407 U.S. 104, 110 (1972). See Commonwealth v. Jarrett, 359 Mass. at 496 ("[M]ere difficulty in determining whether certain marginal offences are within the meaning of the language under attack as vague does not automatically render it

unconstitutional for indefiniteness"); Commonwealth v. Miozza, 67 Mass. App. Ct. 567, 570 (2006), quoting from Commonwealth v. Conefrey, 37 Mass. App. Ct. 290, 301-302 (1994), S.C., 420 Mass. 508 (1995) ("[A] statute is not vague merely because 'it requires a person to conform his conduct to an imprecise but comprehensible normative standard'").  Compare Commonwealth v. Quinn, 439 Mass. at 501 (holding that the defendant could not be prosecuted under G. L. c. 272, § 16, "for exposing his buttocks" because all prior cases at that time involved genitalia, which is commonly understood to include reproductive organs, not the buttocks).

Although our case law does not directly address exposure through a covering,[3] the defendant nonetheless had fair warning that his conduct was prohibited because a common understanding of exposure certainly includes his conduct in the Target store. We believe that a person of "common intelligence" would not have difficulty imagining that the statute proscribes displaying one's genitals and buttocks through sheer material.

---

[3] In Commonwealth v. Kelley, we considered whether a defendant who was caught "masturbating in a pair of women's underpants near a window in the master bedroom" indecently exposed himself under G. L. c. 272, § 53.  Commonwealth v. Kelley, 25 Mass. App. Ct. 180, 181-182 (1987).  See Commonwealth v. Fitta, 391 Mass. 394, 396 (1984) (stating that G. L. c. 272, § 16, and G. L. c. 272, § 53, which criminalizes "indecent exposure," are similar).  We held that there was insufficient evidence to convict because the defendant's conduct was not "public."  We did not address whether the defendant had "exposed" himself while wearing underwear.

Accordingly, we conclude that a person indeed exposes himself or herself where his or her genitals, buttocks, or female breasts are clearly visible to the public, regardless of whether the person is naked or wearing a see-through covering.[4] Thus, the trial judge did not err in denying the motion to dismiss.

2. <u>Motion for a required finding</u>. The defendant also argues that the trial judge erred in denying his motion for a required finding of not guilty because the judge did not apply the rule of lenity in defining "exposure" and because there was insufficient evidence that the defendant intentionally or recklessly exposed himself to the public.[5] In reviewing a denial, we ask, "whether, after viewing the evidence in the light most favorable to the Commonwealth, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Commonwealth</u> v. <u>Arce</u>, 467 Mass. 329, 333

---

[4] We acknowledge that there may be a fine line regarding the acceptable opacity of clothing. We limit our holding to the facts in this case, where the defendant's genitals and buttocks were clearly visible.

[5] At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty on both counts: open and gross lewdness, G. L. c. 272, § 16, and accosting a person of the opposite sex, G. L. c. 272, § 53. While he moved generically on the count charging accosting a member of the opposite sex, the main focus of his argument was that the provisions of G. L. c. 272, § 16, are unconstitutionally vague. On appeal, he does not press his argument as to the count charging a violation of G. L. c. 272, § 53, nor did he do so at oral argument. In light of our decision herein, however, we are persuaded that the Commonwealth presented sufficient evidence to support convictions on both counts.

(2014), quoting from Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

Under the rule of lenity, we interpret ambiguous statutory language in a criminal defendant's favor. See Commonwealth v. Maloney, 447 Mass. 577, 584-585 (2006). "However, the rule of lenity 'is a guide for resolving ambiguity, rather than a rigid requirement that we interpret each statute in the manner most favorable to defendants.'" Id. at 585, quoting from Commonwealth v. Roucoulet, 413 Mass. 647, 652-653 (1992). Just as we concluded that G. L. c. 272, § 16, is not void for vagueness, we also conclude that the statute is not ambiguous. Contrary to the defendant's argument, exposure is a word with a commonly understood meaning. See Commonwealth v. Carrion, 431 Mass. 44, 47 (2000) (rejecting a defendant's vagueness and ambiguity arguments where the phrase, "any escape from custody of the department," was "within common understanding").

Moreover, even if we were to adopt the defendant's most favorable suggested definition of exposure, "to lay bare or uncover," a rational trier of fact could have returned a guilty verdict. Based on the testimony presented at trial, a rational juror could have found that the defendant was "bared" or "uncovered," in that he wore "see-through" shorts that displayed his skin tone, genitals, and buttocks instead of the pants he later used to cover himself when the police arrived. We again

consider the hypothetical scenario regarding cellophane and suggest that a rational juror could find that a person wearing cellophane shorts was "bare" or "uncovered," just as a rational juror could have made such a finding here. We also conclude that a rational juror could have found that the defendant acted intentionally or recklessly given that, among other behavior indicating intent, the defendant asked permission to wear his shorts in the store and immediately covered himself with pants when the police arrived. The denial of the motion was not error.

3. _Jury instructions_. Finally, the defendant argues that the trial judge erred in providing a jury instruction that did not include the defendant's suggested definition of exposure. We review the instruction, to which the defendant objected, for prejudicial error. See Commonwealth v. Szlachta, 463 Mass. 37, 45 (2012). In doing so, we are mindful that a trial judge has discretion in giving jury instructions. See Commonwealth v. Robinson, 449 Mass. 1, 78 (2007). Specifically, a trial judge may use a dictionary in instructing jurors on statutorily undefined terms. See Commonwealth v. Walker, 442 Mass. 185, 194-195 (2004) (trial judge did not err in using Webster's Dictionary to define "poison"); Commonwealth v. LeBlanc, 73 Mass. App. Ct. 624, 629 (2009), S.C., 456 Mass. 135 (2010) (trial judge did not err in using a dictionary definition where

the definition embodied the word's "usual and accepted meanings").  Here, although the trial judge did not use the exact definition suggested by the defendant, the judge provided an acceptable dictionary definition couched in important language that "[t]he word expose is not a technical legal term" and the term should "be understood in its common meaning."  See Commonwealth v. Robinson, supra (we consider the charge as a whole).  We see no error.

The defendant also argues that the trial judge erred in giving the instruction because he did not apply the doctrine of lenity in defining "exposure."  We, again, note that exposure is not ambiguous and that the doctrine of lenity does not apply. We conclude that there was no prejudicial error.

Judgments affirmed.