The defendant, Robert C. Krasnecky, pleaded guilty to two counts of indecent assault and battery on a person fourteen years of age or older. See G.L.c. 265, § 13H. He filed a motion to vacate his guilty pleas in which he asserted that the Commonwealth's recitation of facts did not support findings of an indecent touching. The plea judge denied his motion, and this appeal followed. We affirm.
Background. At his plea colloquy, the defendant agreed to the following facts.
"Webster Police were dispatched to the area of Memorial Beach.
"While interacting with Mr. Krasnecky they did have to place him under arrest. ...
"[I]t was made known to [the] [o]fficer ... that two individuals indicated that Mr. Krasnecky had touched them in a sexual way without any right, justification, excuse or consent. They were of the age of 14 or over at the time.
"One individual alleges that Mr. Krasnecky had kissed her on the neck inappropriately. She did not want that to happen. The other individual had stated that he rubbed his lower back towards the top of his butt area, again with no right, justification, excuse or consent."
Discussion. We review the judge's denial of the defendant's motion for "an abuse of discretion that produces a manifestly unjust result." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997). "A judge may not accept a guilty plea 'unless there are sufficient facts on the record to establish each element of the offense.' " Commonwealth v. Hart, 467 Mass. 322, 325 (2014) (citation omitted).
The defendant challenges only that the Commonwealth failed to establish that the touchings were indecent. "Indecent" contact is that which is "fundamentally offensive to contemporary standards of decency and moral values" such that, "measured by common understanding and practices," "[i]t is behavior which the common sense of society would regard as immodest, immoral, and improper." Commonwealth v. Quinn, 439 Mass. 492, 498 n.12 (2003), quoting from Commonwealth v. Trowbridge, 419 Mass. 750, 757-758 (1995). We examine the context of the contacts to discern if they are indecent. Commonwealth v. Lavigne, 42 Mass. App. Ct. 313, 316 (1997). See Commonwealth v. Vazquez, 65 Mass. App. Ct. 305, 306-307 (2005).
Here, the defendant agreed to having kissed the female victim "inappropriately" in a public park on her neck in a "sexual" way. Common sense informs us that a nonconsensual "sexual" kiss is immodest, immoral, and improper.[2] Lavigne, supra at 314-315. See Quinn, supra. Accordingly, we conclude that his indecent assault and battery on the female victim is factually supported.
Likewise, the facts supported the indecent touching of the male victim. The defendant's hands went down the victim's back reaching towards his buttocks-a private area of the body. Id. at 315-316. The defendant asserts that the touching was not indecent because his hand did not actually reach the buttocks. We disagree. The intimacy of any area of the body is contextual. See Commonwealth v. Rosa, 65 Mass. App. Ct. 622, 625 (2004). Here, the defendant's hands came close to the victim's buttocks and, as we noted above, the defendant agreed to the characterization that the touching was "sexual." See Quinn, 439 Mass. at 498 n.12. We discern no error.
Order denying motion for new trial affirmed.

Lending further support for the finding that they were indecent touchings, there is a reasonable inference that the victims were not known to the defendant-this was a public place, the victims were not standing with the defendant when the police arrived but, rather, approached the police from afar upon seeing that the defendant was being placed under arrest for an unrelated matter-and that the two victims were minors-the prosecutor indicated that the victims' "families" did not want them involved in the case. See Commonwealth v. Molina, 476 Mass. 388, 405 (2017) (judge may make reasonable inferences from the evidence).