COMMONWEALTH *vs.* SHANE T. BRENNAN.

No. 08-P-310.

Berkshire. January 15, 2009. - April 13, 2009.

Present: GREEN, BROWN, & VUONO, JJ.

*Breaking and Entering. Larceny. Practice, Criminal,* Required finding. *Evidence,* Identification.

A District Court judge erred in granting a criminal defendant's postverdict motion for a required finding of not guilty, brought on the ground that there was insufficient evidence on the issue of identity, where the evidence presented by the Commonwealth in its case-in-chief was sufficient to identify the defendant as the perpetrator of the crimes beyond a reasonable doubt. [47-48]

COMPLAINT received and sworn to in the Central Berkshire Division of the District Court Department on February 3, 2006.

The case was tried before *Paul M. Vrabel,* J., and a postverdict motion for a required finding of not guilty was heard by him.

*James F. Petersen,* Assistant District Attorney, for the Commonwealth.

*Daniel J. Ciccariello* for the defendant.

VUONO, J. The Commonwealth appeals from the allowance of the defendant's postverdict motion for a required finding of not guilty.[1] See Mass.R.Crim.P. 25(b)(2), as amended, 420 Mass. 1502 (1995). The defendant was convicted by a District Court jury of breaking and entering in the nighttime with the intent to commit a felony, larceny from a building, and larceny over $250. The basis of his motion for a required finding of not

---

[1]The defendant also moved for a required finding of not guilty at the close of the Commonwealth's case and at the close of all the evidence. Both motions were denied, although the judge expressed his concern over the sufficiency of the Commonwealth's evidence.

guilty was insufficient evidence on the issue of identity. We agree with the Commonwealth that the evidence it presented in its case-in-chief was sufficient to identify the defendant as the perpetrator of the crimes beyond a reasonable doubt.[2] See *Commonwealth* v. *Latimore*, 378 Mass. 671, 678 (1979). We therefore vacate the order allowing the defendant's motion, reinstate the jury's verdict, and remand this case to the District Court for sentencing.

We summarize the evidence in the light most favorable to the Commonwealth. *Id.* at 666-667. At around midnight on January 9, 2006, there was a break-in at the Shell gasoline station located in Dalton. There was no sign of forced entry. The safe had been opened and approximately $2,300 was missing. The defendant had been employed as an assistant manager at the station on three separate occasions, the last occasion being sometime during winter, 2005. The defendant knew the station manager, Robert Bird, well. He house-sat at Bird's home, which was close to the station, while Bird was on vacation during winter, 2005. The defendant was familiar with the station's day-to-day operations and Bird's management routines. He knew what time the station closed, where the money was kept, and that Bird kept the keys to the store and the safe in his car. The defendant also knew that the station had an alarm system and what the security code was in December, 2005, though it had changed by the time of the break-in.

Shortly before midnight on January 9, 2006, Bird's neighbor, Daniel Hamilton, was outside unpacking music equipment from his car. He was startled by an individual who was standing three or four feet behind him. Hamilton described the person as a tall white male. The man was wearing a light-colored hooded sweatshirt and a black scarf. Hamilton was concerned and decided

---

[2]Pursuant to Mass.R.Crim.P. 25(b)(2), a trial judge has discretion to award a new trial following a guilty verdict if the verdict, even if supported by legally sufficient evidence, was against the weight of the evidence, or to enter a guilty finding on a lesser included offense, or to allow a motion for a required finding of not guilty. See *Commonwealth* v. *Doucette*, 408 Mass. 454, 455-456 (1990). When entering a required finding of not guilty, a judge does not properly exercise discretion concerning the weight or integrity of the evidence but rather must assess the legal sufficiency of the evidence by the standard set forth in *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

to follow the man's footprints in the snow. The footprints led toward Bird's house. That night, Bird had parked his car, unlocked, outside. He left the keys to the station and the safe in their usual place in the door pocket. When the police called Bird to the station after the break-in, he discovered that the keys were missing.

At the same time, William West, the owner of West Automotive in Dalton, was downtown at his store with Officer Jeff Powell of the Dalton police department, who was investigating an unrelated incident. As West was driving home, he passed the Shell station. He saw a man wearing a hooded sweatshirt in front of the door of the station. The station's lights were off, and the station was closed. A few minutes later, just after midnight, Officer Powell was traveling west on Main Street, toward Pittsfield. He drove by the station, heard an alarm, and proceeded to investigate. As noted previously, there were no signs of forced entry, the safe was open, and the money was gone.

At approximately 12:10 A.M., the defendant was stopped on Dalton Avenue by a State trooper for speeding. The defendant had been driving fifty-three miles per hour in a forty mile per hour zone and was four or five miles away from the station. The defendant was alone in the car and was wearing a gray hooded sweatshirt. The defendant initially provided a false name but later revealed who he was and admitted that he did not have a valid driver's license. The defendant was permitted to leave, but the car, a black Saab that belonged to the defendant's mother, was towed. The trooper observed several bags in the car but did not open them.

The Commonwealth also presented testimony from two friends of the defendant, Charles Burgess and Kaylin Hall. Burgess, who worked at the station, was approached by the defendant in mid-December and asked to disclose the new security code. The defendant suggested that he and Burgess rob the station. Burgess declined. Thereafter, in late December or early January, 2006, the defendant told Hall that he planned to rob the station by stealing the keys from Bird. The defendant asked Hall for a ride to the station, but she refused. The defendant then said that he would steal his mother's Saab to drive to the station. Hall

observed that the defendant was wearing new "expensive" clothes after the break-in.

*Discussion.* The defendant argues that this evidence was insufficient to warrant jury verdicts of guilt beyond a reasonable doubt because the Commonwealth's proof failed to identify him as the perpetrator of the crime. The defendant also argues that the testimony provided by Burgess and Hall cannot be relied upon to establish identity since that evidence was admitted for the limited purpose of demonstrating the defendant's intent, plan, or motive. The trial judge agreed with the defendant. In his order allowing the defendant's motion, the judge reasoned that since he had instructed the jury that they could not consider the testimony of Burgess or Hall on any issue other than "motive, intent and preparation," and, in his view, the remaining evidence was not sufficient to establish identity, the Commonwealth had failed to meet its burden. We disagree.

The judge's reasoning overlooks the intrinsic connection between evidence that establishes motive, intent, and preparation and evidence that establishes identity. By its very nature, this type of evidence is relevant only if it is attributed to an individual. See *Commonwealth* v. *Zagranski*, 408 Mass. 278, 281 (1990) (evidence that the defendant had proposed a scheme to purchase land and to kill the owner without paying him was properly admitted as evidence in the substantially similar circumstances of the murder with which the defendant was charged, for the purposes of showing the *identity* of the murderer and the element of malice). In any event, even if we were to accept the abstract limitations the judge placed on this evidence, we would still conclude that the evidence was sufficient to establish that the defendant was the perpetrator.

To be sure, "[t]he question of guilt must not be left to conjecture or surmise." *Commonwealth* v. *Bush*, 427 Mass. 26, 30 (1998), quoting from *Commonwealth* v. *Anderson*, 396 Mass. 306, 312 (1985). "However, circumstantial evidence is competent to establish guilt beyond a reasonable doubt. . . . An inference drawn from circumstantial evidence 'need only be reasonable and possible; it need not be necessary or inescapable.' " *Commonwealth* v. *Bush, supra,* quoting from *Commonwealth* v. *Beckett,* 373 Mass. 329, 341 (1977). Here, there was no direct

evidence of identification. Nevertheless, the evidence was legally sufficient to permit the jury to infer that the defendant had committed the crimes.

Contrary to the judge's conclusion, the facts establish that the defendant was in the area at the time of the break-in. He was apprehended four or five miles away, speeding in an automobile, within ten minutes of the alarm sounding at the station. Furthermore, the defendant was wearing similar clothing — a gray hooded sweatshirt — as the person seen near Bird's home and at the door of the station. The evidence also established that the defendant knew that Bird kept the keys to the station and the safe in his car, that the keys were missing, and that the crime scene was consistent with a so-called "inside job." In sum, "[t]he Commonwealth's case was not one, as the defendant [and the judge] suggest[], where the jury's verdicts rested on improper speculation." *Commonwealth* v. *Bush, supra* at 31.

*So ordered.*