## Commonwealth vs. Raymond L. Blackmer, III.

No. 08-P-1994.

Hampshire. December 4, 2009. - August 26, 2010.

Present: Rapoza, C.J., Kafker, & Hanlon, JJ.

*Lewdness. Open and Gross Lewdness and Lascivious Behavior. Practice, Criminal,* Required finding, Instructions to jury. *Evidence,* Prior misconduct, Identity, Relevancy and materiality.

At the trial of indictments charging open and gross lewdness and lascivious behavior, in violation of G. L. c. 272, § 16, and lewd, wanton, and lascivious behavior, in violation of G. L. c. 272, § 53, evidence that the defendant masturbated in public without undressing was insufficient to sustain his conviction of open and gross lewdness and lascivious behavior, where a conviction of violating G. L. c. 272, § 16, requires exposure of the genitals or buttocks; the evidence, however, was sufficient to support the defendant's conviction of lewd, wanton, and lascivious behavior, where conviction of a violation of G. L. c. 272, § 53, does not require such exposure [477-480]; and where there was sufficient proof of the defendant's identity [483-484].

At the trial of indictments charging open and gross lewdness and lascivious behavior, and lewd, wanton, and lascivious behavior, there was no error in the admission of subsequent bad act evidence that the defendant engaged in public masturbation in an automobile five days after the act with which he was charged, where the two incidents were extremely close in time, occurred within a short distance from one another on different streets of the same all-female college campus, and shared other similarities, which together were sufficient to show a distinctive pattern or scheme, and where the judge gave a forceful limiting instruction. [481-482]

Indictments found and returned in the Superior Court Department on March 27, 2007.

The cases were tried before *Bertha D. Josephson,* J.

*Nona E. Walker,* Committee for Public Counsel Services, for the defendant.

*Steven Greenbaum,* Assistant District Attorney, for the Commonwealth.

Hanlon, J. The defendant appeals from his conviction after a

Superior Court jury trial of one count of open and gross lewdness and lascivious behavior, G. L. c. 272, § 16, and one count of being lewd, wanton, and lascivious in behavior, G. L. c. 272, § 53, for an incident that occurred on the Smith College campus. We are asked to consider whether public masturbation, without exposure of the defendant's genitalia or buttocks, is punishable under G. L. c. 272, § 16. Because we hold that it is not, we reverse the defendant's conviction of open and gross lewdness and lascivious behavior only, and affirm his conviction of being lewd, wanton, and lascivious in behavior.

*Background.* The jury would have been warranted in finding the following facts. On February 15, 2007, a student at Smith College, a women's college in Northampton, was crossing the street at an intersection near the campus. She noticed a dark green van, which she described as being the same model as her parents' car, a Dodge Caravan, parked awkwardly and holding up traffic in a crosswalk on the other side of the intersection. As the student approached the car, she noticed the driver was moving "his arm and hand . . . up and down against his groin." He appeared to be masturbating; however, she did not observe that either his genitals or buttocks were exposed.[1]

The victim continued walking toward the car so that she could describe it and the man to campus security officials. At the trial, she described the driver as a white male between the ages of thirty-five and forty with sandy brown hair, glasses, and a mustache. He was staring in her direction and appeared to be trying to make eye contact with her; he also spoke to her but she did not pay attention to what he said. She said that she was "shocked and alarmed" and immediately went to the campus center to report the incident to the campus police. At trial, she did not identify the defendant as the man she saw.[2]

Five days later, on February 20, 2007, a second student was

---

[1]The evidence would not have permitted the jury to conclude that the defendant was undressed to any particular degree. In the only testimony on the point, the victim stated that "as far as [she] kn[e]w," the man "wasn't nude from the waist down"; that "[she] didn't see a belt buckle open[,] . . . a man's fly open[,] . . . buttons[,] . . . zippers[,] . . . [or] underwear"; and that "[she] did [not] see the man's penis . . . [or] buttocks."

[2]The witness's in-court identification was suppressed as the result of a pretrial motion to suppress, on the grounds that the circumstances in which she identified the defendant's photograph were impermissibly suggestive and

walking in the middle of the Smith College campus when she observed a middle-aged white male sitting in his car, masturbating, with his exposed penis in his hand. His car was parked in the crosswalk and he was looking in her direction. She called the campus public safety office to report the incident and the license plate number of the car.

Shortly afterwards, a campus police officer observed a brown sedan with the same license plate number. The officer testified that the driver of the car he observed was a white male in his mid-forties or early fifties who appeared to have graying hair and a beard. Information from the Registry of Motor Vehicles (RMV) indicated that a brown sedan with that license number was owned by the defendant, Raymond L. Blackmer, III. At the trial, the officer identified the defendant as the man he had seen, although he also described differences in his appearance.

Armed with a name, the campus police obtained a photograph of the defendant wearing glasses and a mustache, and included it in a photographic array shown to the second victim. At first, she did not recognize any of the photographs, but as she was leaving, "something clicked" and she identified the defendant's photograph as that of the man she had seen. (At trial, she did not make an identification of the defendant.)

The campus police then searched the RMV database using the defendant's surname and discovered a Joyce Blackmer in a nearby town who owned a green Plymouth Voyager that had at one time been registered to a Raymond Blackmer, Jr. The police officer testified at trial that other than "some grill work," a Plymouth Voyager looks no different from a Dodge Caravan, the vehicle that the first victim had described from the incident on February 15.[3]

---

her subsequent identification was not shown clearly and convincingly to be the product of an independent source.

[3]The police officer testified that he believed that the Plymouth Voyager registered to Joyce Blackmer was the same vehicle that the first victim had seen. The defendant objected and the judge overruled the objection. The Commonwealth concedes that ruling was error but argues that the error was harmless. We agree. The officer had no basis for giving this opinion; however, the jury would have understood that the Commonwealth's theory of the case was that the Plymouth Voyager registered to Joyce Blackmer was used in the incident on trial. In all the circumstances of this case, the fact that the officer voiced the theory during his testimony was harmless error.

The defendant pleaded guilty to one count of open and gross lewdness and lascivious behavior, G. L. c. 272, § 16, for the second, February 20, incident, and was sentenced to two and one-half to three years in prison. For the events of the first, February 15, incident, he was indicted on one count of open and gross lewdness and lascivious behavior, G. L. c. 272, § 16,[4] and one count of being a lewd, wanton, and lascivious person in behavior, G. L. c. 272, § 53.[5] After a jury trial, the defendant was found guilty of both charges.[6] On appeal, the defendant challenges the judge's denial of his motion for a required finding of not guilty and alleges several other errors in the trial.

*Discussion.* "In reviewing the denial of a motion for a required finding, we must determine 'whether the evidence, in its light most favorable to the Commonwealth . . . is sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged [beyond a reasonable doubt] . . . .' " *Commonwealth* v. *Townsend*, 453 Mass. 413, 427 (2009), quoting from *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979).

a. *General Laws c. 272, § 16: open and gross lewdness and*

---

[4]"A man or woman, married or unmarried, who is guilty of open and gross lewdness and lascivious behavior, shall be punished by imprisonment in the state prison for not more than three years or in jail for not more than two years or by a fine of not more than three hundred dollars." G. L. c. 272, § 16, as appearing in St. 1987, c. 43.

[5]"Common night walkers, common street walkers, both male and female, common railers and brawlers, persons who with offensive and disorderly acts or language accost or annoy persons of the opposite sex, *lewd, wanton and lascivious persons in speech or behavior*, idle and disorderly persons, disturbers of the peace, keepers of noisy and disorderly houses, and persons guilty of indecent exposure may be punished by imprisonment in a jail or house of correction for not more than six months, or by a fine of not more than two hundred dollars, or by both such fine and imprisonment" (emphasis added). G. L. c. 272, § 53, as in effect prior to St. 2009, c. 27, § 98. (The 2009 amendment made no change to the emphasized language, which now appears in G. L. c. 272, § 53[a].)

[6]The judge imposed a prison sentence of two and one-half to three years on the § 16 charge, to run from and after the defendant's prior sentence (on the February 20 incident), and six months, to run concurrently, on the § 53 charge. The Commonwealth concedes in its brief that the charges are duplicative as only a single act on February 15 was alleged. However, because we reverse the § 16 conviction on other grounds, the defendant will stand convicted only under § 53.

*lascivious behavior.* The language of G. L. c. 272, § 16, does not define "open and gross lewdness and lascivious behavior." However, "decisional law requires proof of five elements to support a conviction, i.e., that the defendant (1) exposed genitals, breasts, or buttocks; (2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so 'as to produce alarm or shock'; (5) thereby actually shocking or alarming one or more persons." *Commonwealth* v. *Swan*, 73 Mass. App. Ct. 258, 260-261 (2008), quoting from *Commonwealth* v. *Kessler*, 442 Mass. 770, 773 & n.4 (2004). See *Commonwealth* v. *Ora*, 451 Mass. 125, 127 (2008).

In this case, the judge denied the defendant's motion for a required finding of not guilty and instructed the jury that the first element that the Commonwealth was required to prove in establishing a violation of § 16 was that "Mr. Blackmer engaged in lewd and lascivious behavior. What is meant by lewd and lascivious behavior is conduct which involves touching of the buttocks or genitals, for the purposes of sexual arousal, gratification, or offense; *or* conduct which involves exposing one's genitals or buttocks to one or more persons" (emphasis added).[7] The jury instruction thus added to the established definition an additional theory of guilt, one where the defendant touches his genitals or buttocks "for the purposes of sexual arousal, gratification, or offense."[8]

The Commonwealth argues that the instruction was appropriate in light of the language in *Commonwealth* v. *Quinn*, 439 Mass. 492, 495 (2003), stating that "exposure of genitalia is not an essential element of the crime of open and gross lewdness." In *Quinn*, the court held that exposure of the buttocks, combined with the other elements listed above, was sufficient to sustain a conviction for open and gross lewdness, *ibid.*, and certain language in *Quinn* appears to leave open the question whether unexposed masturbation may also be punished under § 16. See

---

[7]The remaining elements were properly explained.

[8]The defendant had requested the pattern jury instruction for open and gross lewdness, in which the first element of the offense requires proof that the defendant exposed genitals, buttocks, or female breasts to one or more persons. See *Commonwealth* v. *Quinn*, 439 Mass. 492, 501-502 & n.16 (2003), citing Instruction 5.42 of the Model Jury Instructions for Use in the District Court (1988).

*Commonwealth* v. *Quinn*, 439 Mass. at 501 n.15. In addition, the *Quinn* court's citation to *State* v. *Maunsell*, 170 Vt. 543, 547 (1999),[9] could also suggest that unexposed masturbation would constitute open and gross lewdness in Massachusetts. *Commonwealth* v. *Quinn*, 439 Mass. at 497 & n.10, 501 n.15.

Nevertheless, all the other case law on the issue, including, as the defendant notes, cases decided subsequent to *Quinn*, indicates the necessity of exposure by the defendant of some body part to sustain a conviction under § 16. See *Commonwealth* v. *Adams*, 389 Mass. 265, 271 (1983) (defendant convicted of open and gross lewdness for driving down a public way, masturbating with penis exposed); *Commonwealth* v. *Quinn*, 439 Mass. at 498 ("A woman approaching a group of school children suddenly opening her blouse to expose her breasts may alarm or shock just as a man masturbating in a passing automobile might"); *Commonwealth* v. *Kessler*, 442 Mass. 770, 772-773 & n.4 (2004) (utilizing Instruction 5.42 of the Model Jury Instructions for Use in the District Court [1988]); *Commonwealth* v. *Ora*, 451 Mass. at 126 ("conviction under the statute requires the display of nudity to be intentional, done in a manner to produce alarm or shock, and actually producing alarm or shock"); *Commonwealth* v. *Swan*, 73 Mass. App. Ct. at 261.

Despite the Commonwealth's contention, *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. 36 (1985), is not to the contrary. In *Perretti*, we held that there was probable cause to arrest the defendant for open and gross lewdness where "he was standing at a rear, uncurtained, apartment window, at an early morning hour, with his trousers open, wearing no underwear, and his hands at his groin." *Id.* at 41. In the first place, those facts permit an inference that the defendant was intentionally exposing his genitals at the time of his arrest. Second, the issue in *Perretti, supra,* was whether those facts were sufficient to provide probable cause for arrest for the offense, not whether they were sufficient to sustain a conviction under § 16.

Finally, the Commonwealth argues that the defendant's public,

---

[9] In that case under Vermont's open and gross lewdness statute, which is similar to G. L. c. 272, § 16, the defendant was convicted for masturbation through his pants without exposing his genitals to the victim. *Commonwealth* v. *Quinn*, 439 Mass. at 497 & n.10, citing *State* v. *Maunsell*, 170 Vt. at 547.

unexposed masturbation, which shocked and alarmed the victim, was punishable conduct under § 16 in light of the legislative goal of G. L. c. 272 to create a "comprehensive and integrated approach" to the related offenses set out in its provisions. *Commonwealth* v. *Sefranka*, 382 Mass. 108, 116 (1980). In fact, however, the opinion in *Sefranka* makes it clear that the statute prohibiting the behavior that the Commonwealth was able to prove here was the "lewd, wanton and lascivious persons" provision of G. L. c. 272, § 53. As construed in *Sefranka*, that provision prohibits "the commission of conduct in a public place . . . when the conduct committed . . . involves the touching of the genitals, buttocks, or female breasts, for purposes of sexual arousal, gratification, or offense, by a person who knows or should know of the presence of a person or persons who may be offended by the conduct." *Commonwealth* v. *Sefranka*, 382 Mass. at 117-118. Thus, unlike in § 16, exposure of the relevant anatomy is not required under § 53.

The defendant's motion for a required finding of not guilty on the charge of open and gross lewdness and lascivious behavior under § 16 should have been allowed. His conviction on the charge of lewd, wanton, and lascivious behavior under § 53 is clearly supported by the evidence, see *Commonwealth* v. *Nebel*, 59 Mass. App. Ct. 316, 318-319 (2003), and he does not contend otherwise, except as described below.

b. *Identity.* The defendant also argues that the judge erred in denying his motion for a required finding of not guilty[10] based on the Commonwealth's failure to prove that the man in the green van on February 15, seen masturbating by the first victim, was the defendant who had committed — and pleaded guilty to — the act alleged to have occurred on February 20.

As a preliminary question, we first consider the defendant's

---

[10]Although the defendant's written motion for a required finding referenced only the charge under § 16, his oral motion was sufficient to move for a required finding of not guilty on both charges, including the § 53 charge, based on the Commonwealth's failure to prove his identity. Even had the defendant failed to move for a required finding on the § 53 charge, we would still review the evidence on identity to determine whether the defendant's conviction rested on insufficient evidence and thus inherently resulted in a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Grandison*, 433 Mass. 135, 140 n.8 (2001), quoting from *Commonwealth* v. *McGovern*, 397 Mass. 863, 867 (1986).

contention that the "bad act" evidence relating to the incident five days later was improperly admitted in the trial of the earlier incident. Then we turn to whether the Commonwealth sufficiently identified the defendant present in the courtroom as the person who committed the lewd, wanton, and lascivious behavior on February 15, the behavior for which he was on trial.[11]

1. *Bad act evidence.* The Commonwealth's motion in limine, to admit evidence of the act of February 20 to establish a pattern of conduct and the defendant's identity for the February 15 event, was allowed.[12] The defendant sought to exclude the evidence at trial, arguing, as he does here, that it was more prejudicial than probative.

"Generally, evidence of a defendant's prior misconduct may not be admitted to show bad character or propensity to commit the crime charged. . . . Such evidence may be admitted, however, for other, permissible purposes, including, for example, to 'show a common scheme, pattern of operation, absence of accident or mistake, identity, intent, or motive.' . . . Where such evidence is relevant, the judge must determine that its probative value on the issue outweighs the undue prejudice that may flow from it. . . . The decision to admit the evidence of prior bad acts is committed to the sound discretion of the judge, whose determination will be upheld absent palpable error." *Commonwealth* v. *Montez*, 450 Mass. 736, 744 (2008), quoting from *Commonwealth* v. *Helfant*, 398 Mass. 214, 224 (1986). See Mass. G. Evid. §§ 403, 404(b) (2010).

Evidence of bad acts is admissible to show identity, if "the [later] events and the circumstances of the crime charged have such similarities as to be meaningfully distinctive. . . . There must be a uniqueness of technique, a distinctiveness, or a particularly distinguishing pattern of conduct common to the . . . incidents to warrant the admission of evidence of [subsequent] bad acts as tending to prove that the defendant was the person

---

[11]Even if the evidence regarding the February 20 incident were improperly admitted, we would include that evidence in our sufficiency analysis. See *Commonwealth* v. *DiBenedetto*, 414 Mass. 37, 45-46 (1992); *Kater* v. *Commonwealth*, 421 Mass. 17, 18 (1995).

[12]Generally such evidence is referred to as "prior bad acts" evidence, but "[t]he principles are the same whether the bad acts are prior or subsequent" to the acts charged. *Commonwealth* v. *Brusgulis*, 406 Mass. 501, 502 n.1 (1990).

who committed the crime charged." *Commonwealth* v. *Delong*, 60 Mass. App. Ct. 528, 534 (2004), quoting from *Commonwealth* v. *Kater*, 432 Mass. 404, 414 (2000). See *Commonwealth* v. *Jackson*, 428 Mass. 455, 459 (1998) ("Thus the judge was correct to rule that the crimes in question were sufficiently similar to each other and distinct in nature to be admitted as evidence of modus operandi"), citing *Commonwealth* v. *Marrero*, 427 Mass. 65, 71 (1998).

Here, after weighing the written submissions and the arguments at the nonevidentiary hearing on the motion in limine, the judge made careful findings and allowed the Commonwealth to offer evidence of the defendant's "subsequent bad act" to establish "the defendant's modus operandi and pattern of conduct, and his identity as the person who was in his vehicle masturbating" on February 15. Based on the anticipated trial evidence (which was not disputed), "the judge properly could conclude that the relevant and probative value of [the defendant's subsequent bad act] was very high, and that any potential for undue prejudice could be minimized by a limiting instruction." *Commonwealth* v. *Montez*, 450 Mass. at 746, citing *Commonwealth* v. *Helfant*, 398 Mass. at 229.

As indeed shown at trial, the two incidents were extremely close in time, only five days apart; they occurred within a very short distance from each other, on different streets of the same all-female college campus; and in each instance the defendant stopped his car in or right next to a crosswalk, while masturbating and trying to make eye contact with his young women victims. "These numerous similarities were sufficient to show a distinctive pattern or scheme and, hence, warrant admission of the evidence of the [subsequent act] as tending to identify the defendant as the person who committed the [act] at issue." *Commonwealth* v. *Delong*, 60 Mass. App. Ct. at 535, citing *Commonwealth* v. *Marrero*, 427 Mass. at 71.

Finally, we note that the judge gave a forceful limiting instruction, one that the defendant concedes was "comprehensive," at the close of the evidence, before closing arguments, and again in her final instructions to the jury, explaining the narrow purpose for which the jury could consider this evidence. There was no error.

2. *Identification.* The defendant also argues that there was insufficient proof that he was the man in the green van on February 15, even if we include the "bad act" evidence, as we must (see note 11, *supra*). "[I]t is basic law . . . that an essential element to be proved by the Commonwealth is that the individual who appears before the court as the defendant is the same person who is the subject of the indictment or complaint then on trial and the same person referred to in the evidence. Proof of the identity of the person who committed the offense may be established in a number of ways and '[i]t is not necessary that any one witness should distinctly swear that the defendant was the man, if the result of all the testimony, on comparison of all its details and particulars, should identify him as the offender.' " *Commonwealth* v. *Davila,* 17 Mass. App. Ct. 511, 512 (1984), quoting from *Commonwealth* v. *Cavanaugh,* 7 Mass. App. Ct. 33, 36 (1979). See *Commonwealth* v. *Price,* 72 Mass. App. Ct. 280, 283 (2008); *Commonwealth* v. *Brennan,* 74 Mass. App. Ct. 44, 45 (2009) (proof of identity must be beyond a reasonable doubt).

The Commonwealth is entitled to the reasonable inferences that a jury may draw from its evidence on identification, see *Commonwealth* v. *Campbell,* 378 Mass. 680, 686 (1979), and the inferences drawn by the jury need only be "reasonable and possible," not "necessary or inescapable." *Commonwealth* v. *Longo,* 402 Mass. 482, 487 (1988), quoting from *Commonwealth* v. *Casale,* 381 Mass. 167, 173 (1980). Evidence of a defendant's guilt may be primarily or even wholly circumstantial. See *Corson* v. *Commonwealth,* 428 Mass. 193, 197 (1998). Where "conflicting inferences are possible, it is for the jury to determine where the truth lies, for the weight and credibility of the evidence is wholly within their province." *Commonwealth* v. *Lao,* 443 Mass. 770, 779 (2005), citing *Cramer* v. *Commonwealth,* 419 Mass. 106, 110, 111 n.2 (1994).

Examining the evidence in the light most favorable to the Commonwealth, *Commonwealth* v. *Latimore,* 378 Mass. at 676-678, there was sufficient proof of the defendant's identity as the offender in the February 15 incident. The jury were able to see the defendant in the courtroom and to hear the description given by both victims and the police officer. In addition, they could

reasonably infer that the defendant was somehow related to Joyce Blackmer and Raymond Blackmer, Jr., and that he was driving her van during the incident on February 15. Taken altogether there was sufficient evidence to permit the jury to determine that the defendant was the offender in the February 15 incident as well as the February 20 incident. His motion for a required finding of not guilty was properly denied.

*Conclusion.* We reiterate the requirement that, in order to sustain its burden of proof for a conviction under G. L. c. 272, § 16, the prosecution must establish, in addition to the other elements enumerated in *Quinn* and described above, that "the defendant exposed his or her genitals, buttocks, or breasts to one or more persons." *Commonwealth* v. *Quinn,* 439 Mass. at 501. See *Commonwealth* v. *Ora,* 451 Mass. at 127. As a result, regarding so much of the indictment that charges this defendant with open and gross lewdness and lascivious behavior on February 15, 2007, the judgment is reversed, the verdict is set aside, and judgment shall enter for the defendant. On the indictment charging the defendant with being a lewd, wanton, and lascivious person in behavior under G. L. c. 272, § 53, the judgment is affirmed.

*So ordered.*