The defendant, Glenn Shanoski, appeals from his Superior Court convictions of operating under the influence of intoxicating liquor, fifth offense, G. L. c. 90, § 24(1)(a )(1), and negligent operation of a motor vehicle, G. L. c. 90, § 24(2)(a ). Concluding that the Commonwealth established that the defendant was represented by counsel during the proceedings resulting in his prior convictions and presented sufficient evidence of the defendant's identity, we affirm.
1. Representation by counsel. Convictions that were obtained in violation of the right to counsel may not be used as predicates for a subsequent offense. See Commonwealth v. McMullin, 76 Mass. App. Ct. 904, 905 (2010). Since 2002, we have applied a presumption of regularity (at least regarding convictions after Gideon v. Wainwright, 372 U.S. 335, 344-345 [1963] ) that the right to counsel was honored "unless the defendant first makes a showing that the conviction in issue was obtained without representation by, or waiver of, counsel." Commonwealth v. Saunders, 435 Mass. 691, 696 (2002). If the defendant makes such a showing, the Commonwealth has the burden of proving that the defendant was represented by counsel. Ibid.
We pretermit the question whether the defendant rebutted the presumption of regularity, as the Commonwealth demonstrated that the defendant was represented by counsel during his 1995 plea.[2] The docket sheet has the name "Coyne" listed in the space for counsel's name. See Commonwealth v. Napier, 417 Mass. 32, 33 (1994) ("A notation of the name of counsel for the defendant on the face of a complaint is sufficient to satisfy the Commonwealth's burden"). The word "self," by contrast, is written in smaller text in the far upper-right corner of the space, over what appears to be an accounting of the fees owed by the defendant. Although the defendant argues that these notations could have some meaning other than that the defendant was represented by counsel, the rest of the docket sheet dispels that notion. The docket sheet reflects a "LF 100" and then, shortly after the defendant's admission to sufficient facts, "Legal & mitt fees remitted." At the time of the defendant's plea, G. L. c. 211D, § 2A, as amended by St. 1994, c. 60, § 153, stated, "Any person provided counsel under the provisions of this chapter shall be assessed a counsel fee of one hundred dollars, which may be waived at the discretion of the court."[3] There is no reasonable explanation for the imposition of the legal counsel fee other than the appointment of counsel to represent the defendant. Accordingly, we discern no error in the trial judge's admission of the 1995 prior conviction or his reliance upon it in convicting the defendant as a fifth-time offender.
2. Sufficiency of the evidence. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014). To sustain a conviction, the Commonwealth must prove beyond a reasonable doubt that the defendant is the person who committed the charged crime. Commonwealth v. Blackmer, 77 Mass. App. Ct. 474, 483 (2010).
Here, the female civilian witness observed a man driving erratically. He stopped and approached her car, and she noticed that he was "a big guy,"[4] dressed in an MBTA uniform, smelled of alcohol, and was "mumbling" in "a slurred voice." She told him, "I don't want you to get in trouble, I just want you to get off the road." She called the police and then observed the responding officers interacting with the driver.
One of the responding officers observed a female siting in a car and the defendant, whom he identified, on the opposite side of the road. The defendant had a "strong odor of alcoholic beverage" and "slurred speech." He repeatedly told the officer "that the nice girl was just really worried about his welfare." He later told the booking officer that he worked for the MBTA. From this evidence, the jury could rationally conclude that the big MBTA employee smelling of alcohol and speaking in a slurred voice arrested by the officers was the same big MBTA employee smelling of alcohol and speaking in a slurred voice observed driving by the civilian witness. See Commonwealth v. Coates, 89 Mass. App. Ct. 728, 731-732 (2016) ; Commonwealth v. Beaulieu, 90 Mass. App. Ct. 773, 780 (2016).
The fact that the civilian witness did not identify the defendant as the driver directly does not defeat the sufficiency of the evidence. "Proof of the identity of the person who committed the offense may be established in a number of ways and '[i]t is not necessary that any one witness should distinctly swear that the defendant was the [person], if the result of all the testimony, on comparison of all its details and particulars, should identify [the person] as the offender." Id. at 780-781, quoting from Blackmer, 77 Mass. App. Ct. at 483. Accordingly, the trial judge correctly denied the defendant's motion for a required finding of not guilty.
Judgments affirmed.

The defendant raises no challenge to the Commonwealth's use of his other three prior convictions. Indeed, at trial, the defendant conceded the sufficiency of the evidence of the other three prior convictions.

In 2004, the Legislature created a much more complicated waiver procedure for the legal counsel fee. See G. L. c. 211D, § 2 1/2, as amended by St. 2004, c. 149, § 195.

The record reflects that the defendant is six feet, two inches tall, and weighs 265 pounds, which the jury presumably could observe for themselves.