Following a bench trial in the District Court, the defendant, Omid K. White, was convicted of assault and battery as a lesser included charge of assault and battery by means of a firearm.[2] He appeals, claiming that there was insufficient evidence of his identity as the assailant to support his conviction. We affirm.
Background. The judge could have found the following facts. On May 11, 2016, at around 6:00 P.M. , the victim was walking down Plymouth Avenue in Fall River. His aunt, L.C., who was looking out of the window of her apartment, called out to him, and they spoke for a few minutes. The victim continued to walk towards his mother's apartment, which was located diagonally from L.C.'s building. L.C. then saw an individual, whom she knew as the defendant, walking quickly behind the victim with a "big black gun" in his hand. L.C. knew the defendant because he lived in the same building as her sister and she (L.C.) saw him with his girl friend and baby. L.C. testified that the defendant "had a ponytail ... had on sunglasses, a white shirt, and ... dark jeans" and maybe a hat. L.C. grabbed her cellular telephone, put her slippers on, and reached for the doorknob to run downstairs. At that moment, L.C. heard a loud noise, like a gunshot. She ran downstairs and found the victim bleeding from the head and covered in blood. L.C. identified the defendant from a photographic array as the person that assaulted her nephew.
Another witness, J.R., lived in one of the buildings in the complex. She was hanging out a blanket when she heard a loud bang. She saw a "flash and ... two men fighting" over a black object. She knew the victim, and she described the other man as "much shorter than [the victim], and he had ... a beard, mustache." She also stated that, "He was dressed all in red[,] ... had a red baseball cap[,] ... [and h]ad his hair in a braid in the back." J.R. then saw L.C. running toward the victim, yelling, "He's got a gun." J.R. saw that the assailant had a black gun; she watched him as "[h]e turned away and ran out the gate and up the street."[3]
Discussion. Viewing the evidence in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), we inquire whether any rational fact finder could have found all of the elements beyond a reasonable doubt. Here the issue is whether the Commonwealth met its burden to prove, beyond a reasonable doubt, that the defendant was the individual who assaulted the victim.
"Proof of the identity of the person who committed the offense may be established in a number of ways and '[i]t is not necessary that any one witness should distinctly swear that the defendant was the [person], if the result of all the testimony, on comparison of all its details and particulars, should identify [the defendant] as the offender.' " Commonwealth v. Blackmer, 77 Mass. App. Ct. 474, 483 (2010), quoting from Commonwealth v. Davila, 17 Mass. App. Ct. 511, 512 (1984). "The Commonwealth is entitled to the reasonable inferences that a [fact finder] may draw from its evidence on identification, ... and the inferences drawn by the jury need only be reasonable and possible, not necessary or inescapable." Blackmer, supra (quotations omitted). Evidence may be primarily or wholly circumstantial. See ibid.
The judge, as fact finder, was able to see the defendant in the court room, to hear the descriptions provided by L.C. and J.R., and to resolve any discrepancies between the accounts. See Commonwealth v. Lao, 443 Mass. 770, 779 (2005) (if "conflicting inferences are possible, it is for the [fact finder] to determine where the truth lies, for the weight and credibility of the evidence is wholly within [the fact finder's] province"). The judge is free to credit some parts of a witness's testimony while not crediting other parts. Indeed, it is clear from the record that the judge assessed all of the testimony, as she explicitly stated, "there was evidence of an assault and battery ... circumstantially, as well as some direct evidence of the identification of the defendant as being the perpetrator in this case." See Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 75 (2005) ("Whatever weight the judge did give the witness's testimony was exclusively within her province as the fact finder"). Thus, the evidence was sufficient for the judge to find beyond a reasonable doubt that the defendant was in fact the assailant.
Judgment affirmed.

The defendant was also charged with carrying a loaded firearm without a license and carrying a firearm without a license; the judge ordered the entry of a required finding of not guilty on each. The judge found the defendant not guilty on a charge of discharging a firearm within 500 feet of a building. Prior to trial, the Commonwealth filed a nolle prosequi on a charge of being an armed career criminal with three prior offenses.

J.R. told a private investigator hired by the defendant that the individual fighting with the victim "didn't seem white. He seemed lighter than [the victim]" and that "he looked to be of ethnic descent."