NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-624

COMMONWEALTH

vs.

ROBERT S. LOGAN, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was found guilty of operating a motor vehicle while under the influence of liquor.[1]  On appeal, the defendant contends that the Commonwealth presented insufficient identification evidence.  We affirm.

Background.  We set forth the facts in the light most favorable to the Commonwealth.  See Commonwealth v. Colas, 486 Mass. 831, 833 (2021), citing Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  On February 19, 2020, at approximately 5:15 P.M., off-duty Shirley police detective William McGuinness

---

[1] At the close of trial, the defendant admitted to sufficient facts on a charge of negligent operation, which the judge continued without a finding for a one-year period.  The judge also found the defendant not responsible for four civil infractions relating to the same incident.

was in his car with his wife at the intersection of Columbia Street and Main Street in Ayer when he noticed a small black sedan speeding over a hill on Main Street.  The sedan lost control as it crested the hill and crossed the double yellow line multiple times before rolling onto its side and crashing into a light pole.  McGuinness asked his wife to call 911 and went to assist the driver.  The driver was able to kick the door open to exit the sedan, and McGuinness instructed him to sit in the grass at the intersection.  McGuinness observed an empty bottle of rum and a bottle of Coca-Cola with liquid in it in the sedan.

Ayer police officer Casey Scott responded to the scene and spoke with the operator of the vehicle, who was identified as the defendant, Robert S. Logan, Jr.  The defendant told Scott that he had been speeding on his way to get alcohol.  Scott observed that the defendant's speech was slurred, his behavior was erratic, and Scott smelled an odor of alcohol on the defendant's breath.  The defendant complained of shoulder pain, and Scott requested an ambulance to transport the defendant to the hospital.  Scott testified that he spent between twenty and thirty minutes with the defendant at the scene.  Over the defendant's objection, the judge admitted the defendant's medical records from the date of the accident.  At the close of the Commonwealth's case, the defendant moved for a required

2

finding of not guilty, arguing that no one "identified this person sitting here as Robert Logan."  The judge denied the motion and ruled that "as the fact finder . . . [there was] sufficient evidence to believe that [the defendant] was the person who . . . the police engaged with."

Discussion.  "In determining whether the Commonwealth met its burden to establish each element of the offense charged, we apply the familiar Latimore standard.  '[The] question is whether, after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Colas, 486 Mass. at 836, quoting Latimore, 378 Mass. at 677.  On appeal, the defendant solely challenges the sufficiency of the evidence of his identity.[2]

It is a basic principle of law that the Commonwealth must establish as an essential element of any crime that the defendant is the same person referred to in the evidence.  See Commonwealth v. Davila, 17 Mass. App. Ct. 511, 512 (1984).  "[B]ald identity of name without confirmatory facts or circumstances is insufficient to prove identity of person"

---

[2] The Commonwealth was required to "prove that the defendant (1) physically operated a vehicle; (2) 'on a public way or place to which the public has a right of access; and (3) . . . was impaired by the influence of intoxicating liquor.'" Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133-134 (2018), quoting Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016).

3

(citation omitted).  Commonwealth v. Coates, 89 Mass. App. Ct. 728, 731 (2016).  The Commonwealth may prove identity in several ways, see Davila, supra, and "[t]he Commonwealth is entitled to the reasonable inferences that a [fact finder] may draw from its evidence on identification and the inferences drawn by the [fact finder] need only be reasonable and possible, not necessary or inescapable" (quotations and citations omitted).  Commonwealth v. Blackmer, 77 Mass. App. Ct. 474, 483 (2010).

There is no dispute that the driver of the sedan that crashed was Robert Logan, as evidenced by Scott's testimony and the defendant's medical records, which identified the person brought to the hospital from the crash as "Logan, Robert S." Rather, the defendant argues that the Commonwealth did not present sufficient evidence that he is the same Robert Logan who was identified by police at the scene.  But the trial transcript belies this argument.  After Scott testified that he spoke with Robert Logan, the operator of the sedan that crashed, the prosecutor said, "Your honor, at this time I'd ask that the record reflect that the witness has identified the defendant --" The judge interrupted the prosecutor and said, "It will."  The prosecutor responded, but the transcript reflects that the response was "inaudible."[3]  To the extent the transcript was

_____

[3] We note that the Commonwealth filed a motion in limine pursuant to Commonwealth v. Crayton, 470 Mass. 228, 243 (2014), to allow

4

insufficient, it was the defendant's burden to resolve that issue. See Commonwealth v. Montanez, 388 Mass. 603, 604-605 (1983), citing Mass. R. A. P. 18 (a), as amended, 378 Mass. 940 (1979). See also Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019). While a more fulsome transcript may have resolved the question, taking the evidence in the light most favorable to the Commonwealth, as we must, along with the longstanding principle that a judge as fact finder is presumed to instruct herself properly on the law, see Commonwealth v. Milo M., 433 Mass. 149, 152 (2001), we conclude that the evidence sufficed.

Our conclusion also finds support in the reasonable inferences drawn from Scott's testimony. This includes that the driver identified himself as Robert Logan at the scene of the accident, and Scott's responses to questioning at trial about "the defendant" with answers detailing his response to the accident involving Robert Logan.[4] See, e.g., Coates, 89 Mass.

---

the in-court identification of the defendant by Scott. While it is not clear that the judge ruled on the motion, defense counsel did not object when the judge asked if there was an objection to "the Clayton [sic] motion, which is the identification issue."

[4] Scott referred to Robert Logan as the "operator" of the sedan at the scene of the crash. Thereafter, Scott answered questions about Robert Logan as "the defendant." From this, the fact finder reasonably could have inferred that the person in court was the same person at the scene of the accident. Robert Logan could only properly be referred to as "the defendant" once he had been charged and arraigned in court.

5

App. Ct. at 731-732.  Moreover, "[i]t is not necessary that any one witness should distinctly swear that the defendant was the man, if the result of all the testimony . . . should identify him as the offender" (citation omitted).  <u>Davila</u>, 17 Mass. App. Ct. at 512.

<u>Judgment affirmed</u>.

By the Court (Blake, Walsh & Hershfang, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  July 5, 2023.

---

[5] The panelists are listed in order of seniority.

6