**David Francis MAUNSELL,**
**Plaintiff–Appellant,**

v.

**Denise R. JOHNSON, individually, Marilyn S. Skoglund, individually, James L. Morse, individually, Jeffrey L. Amestoy, individually, John A. Dooley, individually, Ernest W. Gibson, III, individually, Defendants–Appellees.**

**No. 03–7872.**

United States Court of Appeals,
Second Circuit.

June 14, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment, entered on July 16, 2003, is AFFIRMED.

David Francis Maunsell, Hardwick, Vermont, for Appellant, pro se.

Donald A. Graham, Welch, Graham and Manby, White River Junction, Vermont, for Appellees.

Present: OAKES, RAGGI, Circuit Judges, and HOLWELL,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant David Maunsell, who was convicted in Vermont in 1998 of lewd and lascivious behavior, see Vt. Stat. Ann. tit. 13, § 2601, which conviction was upheld on appeal, see State v. Maunsell, 170 Vt. 543, 743 A.2d 580 (1999), filed suit in federal court pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as the Vermont Constitution, seeking money damages from six past and present justices of the Vermont Supreme Court for allowing him to be wrongfully convicted in proceedings where the lower court judges, prosecutors, and defense counsel acted without proper authority. Maunsell now

appeals the district court's order dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(6). We review the order of dismissal *de novo, see, e.g., Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002), and affirm the judgment.[1]

The crux of Maunsell's complaint faults defendants for failing to exercise their supervisory responsibilities over the Vermont bench and bar so as to prevent the abuses that led to his wrongful conviction. Assuming that Maunsell's pleadings suffice to allege the grossly negligent supervision or deliberate indifference to rights necessary to state a supervisory responsibility claim under the federal civil rights statutes, *see Provost v. City of Newburgh,* 262 F.3d 146, 154 (2d Cir.2001), his complaint nevertheless fails because the claim necessarily implicates the validity of his affirmed conviction and, thus, is barred by the principles articulated in *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Accord Amaker v. Weiner,* 179 F.3d 48, 51–52 (2d Cir.1999).

To the extent Maunsell sues defendants for their failure to reverse his conviction on direct appeal, absolute judicial immunity bars this claim. *Stump v. Sparkman,* 435 U.S. 349, 355, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Tucker v. Outwater,* 118 F.3d 930, 932–33 (2d Cir. 1997); *see also Hirsh v. Justices of the Supreme Court,* 67 F.3d 708, 715 (9th Cir. 1995) (holding justices of California Supreme Court entitled to absolute immunity when conducting appellate review). Seeking to avoid this conclusion, Maunsell attacks the judicial oaths taken by defendants, as well as the oath taken by the governor who appointed them. Such an argument does not defeat defendants' absolute immunity. As the Supreme Court has ruled, "the *de facto* officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." *See Ryder v. United States,* 515 U.S. 177, 180, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995).

Because Maunsell's points on appeal are uniformly without merit, the district court's judgment is hereby AFFIRMED, and the motion for sanctions is DENIED.

---

1. Maunsell further moves this court to impose sanctions against defendants' counsel pursuant to Fed.R.Civ.P. 11, conclusorily charging that he is not properly licensed to practice law. In light of counsel's response demonstrating his admission to the bar of both this court and the district court, we deny the motion as patently without merit.