11-1137-cv
Maunsell v. WCAX TV

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand twelve.

PRESENT:   ROBERT D. SACK,
                    REENA RAGGI,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges.*

----------------------------------------------------------------------------------

DAVID FRANCIS MAUNSELL,
                            *Plaintiff-Appellant*,

                    v.                                                          No. 11-1137-cv

WCAX TV, PETER MARTIN, MARSELIS PARSONS,
BRIAN JOYCE,
                            *Defendants-Appellees*.

----------------------------------------------------------------------------------

FOR APPELLANT:        David Francis Maunsell, *pro se*, Hardwick, Vermont.

FOR APPELLEES:        No appearance.

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 16, 2011, is AFFIRMED.

Pro se plaintiff David Maunsell appeals from the sua sponte dismissal under 28 U.S.C. § 1915(e)(2) of his self-styled "petition" for the court to "revisit" its 2010 dismissal of his complaint for lack of subject matter jurisdiction. As Maunsell's "petition" attempts to re-file the same complaint, we construe the "petition" as a motion for reconsideration and review the district court's denial of it for abuse of discretion, which we will identify only if the district court's decision rests on an error of law or a clearly erroneous factual finding, or cannot be found within the range of permissible decisions. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (reviewing denial of motion for reconsideration under Fed. R. Civ. P. 60(b)); cf. Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (reviewing denial of motion for amended judgment under Fed. R. Civ. P. 59(e)). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

The district court properly rejected Maunsell's argument that he cannot obtain relief in Vermont state courts because, even if the oaths taken by the identified public officials were defective as Maunsell asserts, those officials' actions are valid under the de facto officer doctrine and cannot serve as the basis for proceeding in federal rather than state court. See Ryder v. United States, 515 U.S. 177, 180 (1995); see also Maunsell v. Johnson, 100 F. App'x 47, 49 (2d Cir. 2004) (summary order) (rejecting argument by same plaintiff under de facto officer doctrine). Insofar as Maunsell asserts that his personal experience in the Vermont state court system justifies his belief that he could not obtain a fair result there, he offered no evidence to support this claim and, indeed, failed to present new allegations that

2

the district court did not consider in dismissing the 2010 action.  See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d at 125 (stating that reconsideration under Fed. R. Civ. P. 60(b)(1) is permissible in case of mistake or inadvertence); cf. Munafo v. Metro. Transp. Auth., 381 F.3d at 105 (stating that reconsideration under Fed. R. Civ. P. 59(e) is limited to correcting clear error of law or preventing manifest injustice).  His conclusory assertions of statewide judicial bias were insufficient to state a claim for relief.  See 28 U.S.C. § 1915(e)(2)(B)(ii); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Maunsell's argument that the district judge in this case should have recused herself must likewise be rejected as the judge's impartiality could not reasonably be questioned on the basis of her status as a former Vermont attorney or judge.  See United States v. Lovaglia, 954 F.2d 811, 814–15 (2d Cir. 1992).  Finally, the district court did not err by dismissing Maunsell's petition with prejudice, as repleading would not cure its deficiencies.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Maunsell's remaining arguments and conclude that they are without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court