Fowlkes v. Adamec

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RALPH K. WINTER,
> JOHN M. WALKER, JR.,
> *Circuit Judges.*

_____

FELIPE OTEZE FOWLKES,

> *Plaintiff-Appellant*,

> v.                                                                      No. 14-4003

JOHN ADAMEC, Counselor, PAUL THOMAS,
District Manager,

> *Defendants-Appellees*,

JOSEPH F. GIBBONS, Administrative Law Judge,

> *Defendant*.

_____

FOR PLAINTIFF-APPELLANT:          Felipe Oteze Fowlkes, pro se,
                                  Shirley, MA.

FOR DEFENDANTS-APPELLEES:         Kristina D. Cohn, Special Assistant
                                  United States Attorney, Stephen P.
                                  Conte, Regional Chief Counsel –
                                  Region II, Office of the General
                                  Counsel, Social Security

Administration, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Felipe Oteze Fowlkes, proceeding pro se, appeals the district court's denial, on *res judicata* grounds, of his August 2014 motion for an order declaring the No Social Security Benefits to Prisoners Act of 2009, Pub. L. No. 111-115, unconstitutional and directing the Social Security Administration to re-issue him a check for the amount of his unpaid social security benefits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the application of *res judicata* principles. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). "Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* at 499 (internal quotation marks omitted). The doctrine does not apply, however, "if a party moves the rendering court in the same proceeding to correct or modify its judgment." *Arizona v. California*, 460 U.S. 605, 619 (1983); *see also Rezzonico v. H&R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999) ("*Res judicata* does not speak to direct attacks in the same case, but rather has application in subsequent actions.").

Here, the district court erred in denying Fowlkes's motion on *res judicata* grounds because the motion was filed under the same docket number as the 2010 decision that was held to preclude

2

it and was thus part of the same action. The motion is best construed as a motion for reconsideration of, or amendment to, the district court's December 2010 order denying Fowlkes's prior motion. *Cf. Maunsell v. WCAX TV*, 477 Fed. App'x 845, 845 (2d Cir. 2012) (summary order) (construing a "petition" that attempted "to re-file the same complaint" in the same action as a motion for reconsideration or for an amended judgment).

Nevertheless, we affirm the denial of Fowlkes's motion because he has not demonstrated "extraordinary circumstances" warranting relief under Federal Rule of Civil Procedure 60(b)(6), the only avenue of relief available to him. *See Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 100 (2d Cir. 2015) (this Court "may affirm on any ground with support in the record").

Fowlkes's August 2014 motion was filed nearly four years after the district court denied his previous motion in December 2010, and more than two years after we affirmed that decision in January 2012. *See Fowlkes v. Thomas*, 667 F.3d 270, 273 (2d Cir. 2012) (per curiam). Accordingly, his only avenue for relief lies via Rule 60(b). *See* Fed. R. Civ. P. 59(e) (motion to alter or amend judgment must be filed no later than 28 days after entry of judgment); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely motion for reconsideration is treated as a Rule 60(b) motion."). For the same reason, to the extent that his motion may be construed as seeking relief under subsections (b)(1)–(3) of that Rule, it is time-barred. *See* Fed. R. Civ. P. 60(c)(1) (motions seeking relief under Rule 60(b)(1)–(3) must be filed no later than one year after entry of the judgment or order). And because Fowlkes did not allege that the district court's December 2010 decision is void, *see* Fed. R. Civ. P. 60(b)(4), or that it is based on an earlier judgment that has been reversed or vacated, or that it can no longer be prospectively applied equitably, *see* Fed. R. Civ. P. 60(b)(5), his only option for relief lies in Rule 60's residual clause, which permits the court to relieve a party from a judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

3

For several reasons, Fowlkes is not entitled to relief under Rule 60(b)(6). First, he did not file his motion "within a reasonable time," waiting nearly four years after the denial of his December 2010 motion before filing the motion presently at issue in August 2014. *See* Fed. R. Civ. P. 60(c)(1); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (three and one-half year delay not reasonable). Second, even if the motion were timely, a party seeking to avail himself of Rule 60(b)(6) must demonstrate that "extraordinary circumstances warrant relief," and may not use the Rule to "circumvent the one-year time limitation in other subsections of Rule 60(b)." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quotation marks omitted). Fowlkes asserts that he could not have raised his constitutional arguments in his previous, 2010 motion because he was unaware of the information supporting those arguments until this Court issued its decision affirming the denial of the 2010 motion in January 2012. As already discussed, to the extent that these assertions suggest an entitlement to relief based on "newly discovered evidence" under Rule 60(b)(2), Fowlkes's claim is time-barred, and he may not use Rule 60(b)(6) as a vehicle to circumvent that limitation. *See Stevens*, 676 F.3d at 67. Moreover, the fact that Fowlkes was unaware of the parts of the Congressional Record upon which he now relies does not constitute "extraordinary circumstances" or excuse his failure to file his motion within a reasonable time because that information was publically available to him when he filed his previous motion in December 2010.

We have considered all of Fowlkes's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk